MOORE *et al.* v. MOORE *et al.*

1. Where the answer to an action for land denied possession in the defendant, it was not error to refuse, at the trial term, to enter a dis-claimer at the plaintiff's instance, and to allow the defendant to amend his answer by withdrawing such denial.

2. Where in such an action plaintiff based his claim for a recovery upon the fact that his ancestor died in possession of the realty sued for, proof that it was set apart as a year's support to the widow of the ancestor, and that plaintiff was not her heir, required a finding for defendant.

(a) "When a report of appraisers to set apart a year's support shows that they appraised the entire estate of the decedent and designated the whole of it as the year's support to be allowed, failure to minutely describe in the report the realty belonging to the estate does not render the proceeding void."

(b) When a year's support is set apart out of homestead property, the homestead becomes extinguished.

(c) The fact that plaintiff's ancestor had a homestead set apart in the land sued for in no way strengthened his title thereto.

Submitted July 18,—Decided November 13, 1906.

Complaint for land. Before Judge Russell. Banks superior court. November 28, 1905.

W. F. Moore, his five brothers, two sisters, and the children of a deceased sister, all as heirs at law of Eli Moore, deceased, brought an action to recover nine-tenths undivided interest in a described tract of land, against Nancy Jane Moore and others. The sixth paragraph of the petition alleged that the defendants

were in possession of the premises in question. All of the defendants answered at the appearance term; the answer of Nancy Jane Moore specifically denied the sixth paragraph of the petition, and the respective answers of all the other defendants denied generally all the paragraphs of the petition. At the trial term plaintiffs' counsel made a written motion requesting the court to grant an order to the effect, that as defendants had filed disclaimers to the land sued for, they were therefore discharged from the case, and were not entitled to defend the same except as to mesne profits. The court refused to grant such order, but permitted defendants to amend their several answers by striking therefrom all denials of paragraph six of the petition, which alleged that they were in possession of the premises. The case was, by consent, tried by the judge without the intervention of a jury. Judgment was rendered in favor of the defendants; and plaintiffs excepted to such judgment and to various rulings made during the trial.

*W. W. Stark,* for plaintiffs, cited: Civil Code, §§ 5656, 5053, 5188; *Ga. R.* 114/780, 786; 98/522; 97/471-2; 120/292, 663; 116/325; 122/814; 121/702; 107/152; 108/141; 119/920; 68/417; 92/198; 101/480; 106/29; 91/198; 87/108; 106/29; 93/419; 65/538.

*H. H. Perry, Oscar Brown,* and *A. J. Griffin,* for defendants, cited: Civil Code, §§ 5153, 5656, 5003, 5007, 4961, 5912, 5000; *Ga. R.* 88/512 (1); 118/570-71; 123/4; 79/675; 74/528; 67/195; 45/111; 25/549; 122/72; 113/522; 112/494; 74/355; 111/637; 70/130; 118/571; 105/54; 85/731; 73/164; 72/63; 114/780; 98/522; 100/306; 71/626; 109/256.

FISH, J. (After stating the facts.)

1. The court did not abuse its discretion in refusing to grant the order requested by plaintiffs' counsel, as above set out, and in allowing defendants to amend their answers by withdrawing therefrom all denial of their possession of the premises. It is true that defendants were not entitled to defend the suit without admitting that they were in possession of the premises in dispute at the commencement of the action (Civil Code, § 5656), but no order had been previously taken in reference to a disclaimer, and when at the trial term plaintiffs moved for such order, the court could allow defendants to amend their answers by withdrawing their denials of the allegation that they were in possession of the premises.

All parties may, at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by (Civil Code, §5097); and the court may, in its discretion, at the trial term permit a defendant to set up a new fact or defense by way of amendment, if the circumstances of the case, or substantial justice between the parties, require that such amendment be allowed. Acts 1897, p. 35. It follows that even if the withdrawal by defendants of that portion of their answers denying the allegation of the petition that they were in possession of the premises, in order that, under the pleading act (Civil Code, §4961), such allegation might be taken as true, was tantamount to the setting up, by amendment, of a new fact or defense, it was in the discretion of the court to allow it, and the court did not abuse its discretion in doing so.

2. Plaintiffs relied for a recovery upon the admission by defendants, at the trial, that plaintiffs were all of the heirs of Eli Moore, except one; that Eli Moore died intestate and there had never been any administration upon his estate; and upon proof that he had the land in dispute set apart as a homestead for the benefit of his wife, Nancy Moore, in 1868; that he died in possession of the premises in 1877, and that Nancy Moore died in 1903. The fact that plaintiff's ancestor had a homestead set apart in the premises in no way strengthened his title thereto, nor that of his heirs. *Latham* v. *Inman,* 88 *Ga.* 505(1). It is well settled that in an action for land, brought by an heir, proof that his ancestor died intestate, seized and possessed of the premises sued for, and that there has been no administration upon his estate, makes a prima facie case for a recovery. The question, therefore, arises, did the defendants overcome such a case in the trial under review? One of the defenses relied on by defendants was, that after the death of plaintiffs' ancestor, Eli Moore, the land in dispute was set apart to his widow, Nancy Moore, as a year's support, and that, upon her death intestate, title to the same descended to her heirs, and that plaintiffs were not her heirs. The only matter involved in this defense about which there was any dispute was whether the land had been so set apart. Defendants offered in evidence the return of the appraisers appointed to set aside a year's support for Nancy Moore, made July 3, 1877, which, after reciting

47

the fact of their appointment, etc., and that they might set apart the whole of the estate, if, upon a fair valuation, it did not amount to more than five hundred dollars, proceeded as follows: "In investigating the circumstances of said estate and family and the property produced to us, there was one hundred acres of land at $400.00; one cow and calf $12.00; 7 head of sheep $7.00; one sideboard and one cupboard $2.00; 3 chairs and one table $1.50; one wash pot and tub $1.25. Said estate upon a fair valuation made by us, and we were duly sworn before each other to make a true inventory or valuation of said estate, and we certify that the foregoing is a true and perfect inventory of all the estate of said Eli Moore, deceased, as was produced to us by Nancy Moore, widow of said deceased, and we hereby set apart the whole of said estate to Nancy Moore, widow of Eli Moore, deceased, for a twelve months' support." This return was admitted in evidence over the objection of the plaintiffs "that the same was void for uncertainty, as there was no description of the land purported to be set aside as a twelve months' support." An exception by plaintiffs to this ruling is one of the assignments of error presented for adjudication.

The record of the return of appraisers to set aside a year's support renders it the judgment of the ordinary (*Fulghum* v. *Fulghum,* 111 *Ga.* 637, and cit.) ; and where by such a judgment it appears, in general terms, that the whole of the property of the decedent was set apart as a year's support, the judgment is not void because of the want of a minute description therein of realty belonging to the estate, but the subject-matter of the judgment may be shown by any competent evidence. *Stringfellow* v. *Stringfellow,* 112 *Ga.* 494, *Allen* v. *Lindsey,* 113 *Ga.* 521. It will be seen from the return of the appraisers now under consideration that they, after stating that they were to set apart the whole of the estate, if it "did not upon a fair valuation amount to more than five hundred dollars," and after making an itemized inventory and valuation of the property of the estate, concluded the return by declaring, "and we hereby set apart the whole of said estate to Nancy Moore, widow of Eli Moore, deceased, for a twelve months' support." They valued each item of the property separately and then found that the aggregate value did not exceed five hundred dollars, and, in accordance with their duty, under such circumstances, set the whole of the estate apart as a year's support. The

mere fact that the return shows that the widow pointed out to the appraisers the property of the estate, which they inventoried, valued at less than five hundred dollars, and then set apart to her as the whole of the estate, does not invalidate the return, nor show that the property set apart is not described as being all of the estate. Our statute in reference to the setting apart of a year's support does not provide how or from whom the appraisers appointed for this purpose are to ascertain the facts necessary to an intelligent and proper discharge of the duty incumbent upon them. No formal procedure is prescribed by which they are to be guided and governed in making their investigation, preliminary to deciding the question submitted to them and making their return to the ordinary. They, as discreet men, are at liberty to get the requisite information from such sources as they may deem most trustworthy; and when they have obtained it, "if it shall appear upon a just appraisment of the estate that it does not exceed in value the sum of five hundred dollars, it shall be the duty of the appraisers to set apart the whole of said estate," etc. Civil Code, § 3465. If, in making their return, the appraisers have acted upon insufficient or misleading information as to the property owned by the decedent at the time of his death, or as to any other relevant fact upon which their return may in part be predicated, the law provides a remedy for any person whose legal rights may be injuriously affected thereby, by giving to such person the right to caveat the return; and, upon a trial of the issue thus raised before the ordinary, all the relevant facts may be developed by competent and legal evidence introduced for this purpose, and the return, if incorrect and improper, under the facts disclosed, may be corrected. The finding or return of the appraisers is prima facie correct, whatever may have been the source of the information upon which they based it, unless it shows upon its face that they acted in reckless disregard of their duty. Hence if they find that the schedule of the property which they set apart as a year's support embraces all the property of the estate, this is presumed to be true, until the return is legally set aside. It follows, that if, as in the present case, their return shows that they found that the whole property of the estate consisted of a designated number of acres of land and certain designated and itemized articles of personal property, all of which they valued at less than five hundred dollars, and set aside as the year's

support, the effect of the return, in so far as the question of the sufficiency of the description of the land is concerned, is to describe the land as being all the land belonging to the estate. The mere fact that the return may indicate that, in reaching the conclusion that the land which they examined, valued, and set apart, was all of the real estate which the decedent owned at the time of his death, they acted upon information derived from a given source can not affect the description of the land given in their return. It is still, in effect, described in the return as all of the land belonging to the estate. If the whole of the estate of Eli Moore was set apart to his widow as a year's support, as we think the return shows, then it follows that a judgment in favor of the defendants was demanded, because plaintiffs based their claim for a recovery on the presumption that the land sued for belonged to their ancestor, Eli Moore, by reason of the fact that he was in possession of the same at the time of his death; and even granting that he did not own it when he died, as all of his estate was set apart to his widow as a year's support, this land was necessarily included as a part thereof. This being true, title to this land vested in the widow (Civil Code, § 3468), the homestead being merged into the year's support (*Bardwell* v. *Edwards*, 117 *Ga.* 824, and cit.) ; and upon her death it descended to her heirs at law, and not to the plaintiffs, who are heirs of Eli Moore, but not of his widow, Nancy Moore, their stepmother. This ruling effectually disposes of the case, and it is, therefore, not necessary to deal with the other defenses relied on by defendants.

*Judgment affirmed. All the Justices concur.*