### HUTCHINSON v. WOODWARD *et al.*

1. In order to divest the title of a decedent by the allowance of a year's support to his widow and minor child, the land must be so described as to indicate that a particular tract was intended to be set apart. Where

the only description of the land in the report of the commissioners who set apart the year's support is "20 acres of land valued at $250," and where it does not appear from the year's-support proceedings that the entire estate of the decedent was intended to be set aside, such description is too indefinite to be capable of enforcement, and as to that item the allowance is ineffective.

(a) The proper practice in an action of ejectment is to object to a defective and void muniment of title being received in evidence. If, however, the testimony demands for the plaintiff a recovery of a part of the land, but for the defective and void muniment of title, it is error for the court to give effect to the void muniment of title by the direction of a verdict against the plaintiff.

2. In the trial of an ejectment cause the plaintiff's counsel admitted that both sides claimed from a common grantor, and that the land embraced in a year's-support judgment, relied on as a muniment of title by the defendant, was the land in controversy. Pending the trial of the case and a discussion of the scope of the admission, the court refused to allow counsel for the plaintiff to explain the extent of the facts which he intended to admit. When counsel discovered that a construction had been put on his admission which was not intended, he should have been allowed to state what he intended to admit, and not rigidly held to an improvident admission, it not appearing that the opposite party was misled or put to a disadvantage in reliance on the admission.

3. There is no merit in the other grounds of the motion.

JUNE 14, 1916.

Ejectment. Before Judge Thomas. Berrien superior court. April 10, 1915.

*L. E. Lastinger* and *Hendricks, Mills & Hendricks,* for plaintiff.

*J. P. Knight* and *J. Z. Jackson,* for defendants.

EVANS, P. J. The action was in ejectment by Harvey Lee Hutchinson, by her guardian C. R. DeVane, against R. C. Woodward and others, to recover a tract of land containing 25 acres more or less. On the trial it appeared that the land was originally owned by H. L. Hutchinson, the father of the plaintiff, who died leaving a widow and the plaintiff as his sole heirs at law. No administration was had upon his estate. Shortly after his death the widow applied for an allowance of a year's support. The commissioners made a report that "we have assessed and set apart, as being necessary for the support and maintenance of said widow and child, the sum of $450.00 dollars, which the said widow has elected to take as follows: 20 acres of land valued at $250.00; cotton valued at $75.00; cane valued at $2.50; corn valued at $25.00; 6 head hogs valued at $3.00; 600 lbs. fodder valued at $3.00." The widow conveyed the premises in dispute to J. T. Pope, describing

the land as containing 25 acres, more or less, and known as the Lee Hutchinson place. Pope conveyed the premises in dispute to James C. Wright, who conveyed it to the defendants. There was evidence tending to show that the sale of the land by the widow was necessary to raise money for the support of herself and minor child. A verdict was directed for the defendants, and the court refused to grant a new trial on motion. During the trial counsel for the plaintiff announced that there was an agreement that there was no administration on the estate of H. L. Hutchinson, and that it was all set apart in the year's support. Later on in the trial of the case, when the effect of the admission was under discussion, the court refused to allow counsel to explain that the admission was intended to admit that only 20 acres of the land owned by the estate of H. L. Hutchinson were set apart. The only circumstance tending to show that there were in fact more than 20 acres is the statement in the deed to the plaintiff's father, and in the deed from her mother, that the tract of land contained 25 acres, more or less. There was no objection to the report of the commissioners setting aside a year's support, nor to the judgment of the ordinary approving such report.

1. As the defendants claimed title under the widow, the propriety of the direction of a verdict depends upon the validity of the year's support as divesting the title of the estate of her deceased husband. In the return of the appraisers the land is described as "20 acres of land valued at $250.00." The description is fatally defective as designating any particular land. There is nothing in the judgment to indicate that it was the intention of the commissioners to set apart the entire estate. The title of the estate was not divested by such an indefinite and imperfect description. *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655). If the return of the commissioners had shown on its face that it was the purpose to set aside the whole of the estate to the widow and her minor child, then it would not have been necessary to enter into a particular description of the realty belonging to the estate. *Moore* v. *Moore,* 126 *Ga.* 735 (55 S. E. 950). If the estate had been valued at less than $500, it was the duty of the commissioners to set apart the entire estate to the widow and minor child; but there is nothing in the year's-support proceedings which discloses the value of the estate, or that it was the purpose of the com-

missioners to set apart all of it to the widow and minor child. But it is contended, notwithstanding this imperfect description, that the verdict should stand, for the reason that no objection was made to the year's-support proceedings being received in evidence; and further, because of an admission of counsel that the land in controversy was the same as that set apart to the widow as a year's support. It would have been better practice, when the year's-support proceedings were offered in evidence as a muniment of title, to have objected to them on the ground that they were too indefinite to operate as such; but as it appears from the uncontroverted evidence that the decedent left two heirs at law, his widow and the plaintiff, the latter would be entitled to recover one half of the premises, unless her title has been legally divested. Notwithstanding no objection may have been made to the year's-support proceedings being received in evidence, nevertheless the court could not divest the plaintiff's title by giving effect to a judgment which in law would not have that result.

2. The other contention is, that, inasmuch as plaintiff's counsel admitted in open court that the land in controversy was the same land set apart as a year's support, the insufficient description was cured by such admission. It appears from the record that when the admission of counsel was being invoked in aid of the year's-support judgment, he offered to explain that such was not the intent or purpose of his admission. The court declined to receive the explanation of counsel. When a party to a suit makes an admission for the purpose of saving the other party expense and trouble of getting up evidence on the particular point, and afterwards discovers that he has by inadvertence or mistake admitted facts which it is proper for him to controvert, he may, on notice to the other party, withdraw his admission and put his adversary on proof of the facts, when the effect is not to mislead the other party and put him to a disadvantage because of a reliance on the admission. *Wallace* v. *Matthews,* 39 *Ga.* 617 (99 Am. D. 472); *Commercial Assurance Co.* v. *Chattahoochee Lumber Co.,* 130 *Ga.* 191 (60 S. E. 554). We think counsel should have been permitted to show that it was not his purpose to admit the validity of the year's support, but that his intention was to admit that only 20 of 25 acres were set apart to the widow as a year's support. As thus qualified the admission amounts to nothing, for the reason that

the twenty acres set apart are not described, and could not have the effect of divesting the title of the estate to any particular land. We think, therefore, the court should have allowed the plaintiff to explain or qualify his admission.

The other assignments of error are without merit, and do not require specific notice.

*Judgment reversed. All the Justices concur.*