HENDERSON LUMBER COMPANY *et al. v.* LANKFORD *et al.*

GILBERT, J.  1.  Under the pleadings and the evidence the court erred in granting an interlocutory injunction in so far as it applied to the two hundred acres, more or less, of land in lot number 439 in the seventh district of Clinch County.

2.  The court erred in admitting oral evidence as to the setting aside of dower, it not having been shown that the official records had been lost or destroyed.  There being no legal evidence that the dower had been set aside, the court erred in granting the interlocutory injunction in so far as it applied to the three hundred and one acres, more or less, of land in lot number 394 in the seventh district of Clinch County.

3.  Except as indicated above, the court did not err in granting interlocutory injunction.

*Judgment reversed in part, and affirmed in part.  All the Justices concur.*

No. 2237.  APRIL 15, 1921.

Injunction.  Before Judge Dickerson.  Clinch superior court. July 31, 1920.

H. L. Lankford et al. filed a petition seeking to enjoin Henderson Lumber Company et al. from cutting timber and using skidders on certain lands; also from using the firewood thereon for firing their engines; from damaging the young timber, etc.  It was alleged by the plaintiffs and admitted by the defendants that the rights of the latter in the premises were based on a lease contract from Jesse Lankford (the common propositus), conveying the timber rights on lands in the 7th district of Clinch County.  Among the lots and parts of lots mentioned in the lease contract were the following: " Two hundred acres, more or less, of lot of land number four hundred and thirty-nine (439), the same being on the east side of said lot," and lot number three hundred and ninety-four (394), that is three hundred and one (301) acres, more or less, of said lot, lying on west side and south side of said lot, being all of said lot except the portion owned by J. P. Smith," the contention of the plaintiffs being that the description of the two hundred acres, more or less, of lot 439 was too vague and indefinite, and therefore insufficient to convey title.  Plaintiffs also contended that a portion of lot 394 had been set aside as dower to Mahala Monk, prior to the execution of the aforesaid timber lease.  The defendants insisted in their sworn answer, that, although the description of the land lot 439 was imperfect, the lessee under the lease contract had paid the full purchase-price to the lessor, and therefore the lessees and their successors in title, including Henderson Lumber Company,

had acquired a complete and perfect equity in and to said timber, which is superior to the plaintiffs' claim of title; that by mistake and inadvertence the scrivener who prepared the lease contract omitted to give the boundaries of the two hundred acres, more or less, in land lot 439, and also omitted from the description of said land the following words " being all of said lot lying east of Suwanoochee Creek;" that by mutual mistake of the parties with respect to the sufficiency of the description in the lease as prepared, said lease did not speak the truth of the transaction nor conform to the intention of the parties with respect to the timber on said tract of land; and that neither Jesse Lankford nor the plaintiffs had ever offered to refund to the lessees or their successors in title any part of the money paid for the timber on said land. These allegations were not denied. The defendants prayed for reformation of the contract accordingly. As to the dower, the only evidence tending to show that the same was set aside was a recital in a deed conveying the property to the lessor, and oral evidence in regard thereto. The oral evidence was considered by the judge; the defendants objecting to its admission, on the ground that the record was higher and better evidence, and that it had not been shown that the records had been lost or destroyed.

The court granted interlocutory injunction as follows: (1) " from cutting and using the wood on the lands involved in this litigation, for the purpose of operating their skidders and tram-engines, and for any other purpose, except such timber as is embraced in the lease from Jesse Lankford, and as was and is now suitable for sawmill purposes, but no other parts of such timber trees;" (2) " from cutting any trees on the dower of Mahala Monk, carved out of land lot 394;" (3) " from cutting and removing the timber on the two hundred acres of land lot 439; but upon the Henderson Lumber Company giving bond with good surety, to be judged of and approved by the clerk of this court, for the payment of the eventual recovery which the plaintiffs may obtain from said company for damages growing out of the cutting of the timber on said lot, injunction is denied;" (4) " from using skidders in an arbitrary and unreasonable manner, to the substantial injury of the unsold trees on said lands, the defendants having the right to use skidders in places where they will do the smallest damage to the plaintiffs, and

in a reasonable manner;", (5) "from cutting any tree on said lands which was dead at the date of said lease." The defendants excepted.

*E. K. Wilcox* and *Quincy & Rice,* for plaintiffs in error.

*G. W. Lankford* and *Hines, Hardwick & Jordan,* contra.