MAXWELL *et al.*, administrators, *v.* CITIZENS BANK.

1. The return of appraisers appointed to set aside a year's support, and the judgment of the ordinary making their return the judgment of the court of ordinary, was not void because the appraisers and the ordinary were related to the applicant for the year's support within the fourth degree; and such return and judgment can not be collaterally attacked because of such relationship. Such judgment is voidable, but not void. *McMillan* v. *Nichols*, 62 *Ga.* 36; *Rogers* v. *Felker*, 77 *Ga.* 46; *Meeks* v. *Guckenheimer*, 102 *Ga.* 710 (29 S. E. 486); *Jarrell* v. *Guann*, 105 *Ga.* 139 (2) (31 S. E. 149); *Shope* v. *State*, 106 *Ga.* 226 (32 S. E. 140); *Berry* v. *State*, 117 *Ga.* 15 (43 S. E. 438); *Clay* v. *Coggins*, 148 *Ga.* 543 (97 S. E. 623); *Roberson* v. *Orr*, 158 *Ga.* 34 (2) (122 S. E. 781).

2. If appraisers, in their report setting aside a year's support to the widow and minor children of the decedent, had set aside as an item therein a tract of land described as "three hundred & seventy-five acres of land, more or less, off of lots Nos. 249 & 271 & 248, in the 19th Dist. of Decatur County, value—1000.00," such description would have been so vague and indefinite as to make such item ineffective as a part of the year's support.

3. But where appraisers set aside as a year's support to a widow and minor children a certain sum of money, which the return of the appraisers recited that the widow elected to take in the lands described as set out

Ejectment, 19 C. J. p. 1059, n. 65.

Evidence, 22 C. J. p. 794, n. 39; p. 1261, n. 11.

Executors and Administrators, 24 C. J. p. 260, n. 68; p. 261, n. 88, 90; p. 262, n. 4; p. 270, n. 72, 78.

Judgments, 34 C. J. p. 518, n. 14; p. 555, n. 75.

in the last headnote, which election was effectuated by the widow getting the lands so taken in lieu of the money, such transaction was in effect a purchase by her of said lands with the money set aside as a year's support, and she thus acquired a perfect equity to the lands so chosen by her; and the report of the appraisers showing such election was properly admitted by the trial judge to show the full transaction; and parol evidence was properly admitted by him to identify the lands so chosen by the widow, although their description in the report of the appraisers was vague and uncertain.

No. 5846.   October 15, 1927.

Claim.   Before Judge Custer.   Grady superior court.   December 4, 1926.

*Jesse J. Gainey,* for plaintiffs in error.

*W. H. Duckworth,* contra.

HINES, J.   Thomas R. Maxwell died intestate on May 24, 1902. In that year a year's support out of his estate was set aside to his widow, Sallie Maxwell, and three minor children of the intestate by a former marriage.   The appraisers set aside the sum of $1465, which, the report states, the widow elected to take in "three hundred & seventy-five acres of land, more or less, off of lots Nos. 249 & 271 & 248 in the 19th Dist. of Decatur County, value— 1000.00," and certain personal property.   On December 23, 1921, the widow executed to the Citizens Bank her deed to secure debt, conveying the following property: "All that certain tract or parcel of land situated, lying, and being in the 19th district of Grady County, Ga., formerly a part of Decatur County, Georgia, and being all of lot of land No. 249 two hundred forty-nine, containing 250 acres more or less.   Also all of the north half of lot of land number 271 two hundred seventy-one.   Also ten acres in the northwest corner of lot of land No. 248."   This deed recites that the land thereby conveyed was formerly the property of Thomas R. Maxwell, and had been set aside at his death for a year's support for Sallie Maxwell.   This deed was made to secure the payment of a note, of even date, for the sum of $779.33, due March 1, 1922.   The bank reduced its debt to judgment, conveyed by quitclaim deed the land embraced in its security deed to Sallie Maxwell for the purpose of levy and sale, and had the execution issued upon its judgment levied thereon.   The administrators of T. R. Maxwell filed their claim.   The case was submitted to the trial judge to pass upon all questions of law and fact, without the intervention of a jury.   On the trial the bank

tendered in evidence the application of Sallie Maxwell for a year's support, including the appointment of appraisers, the return of the appraisers, and the judgment of the court of ordinary making the return of the appraisers the judgment of the court and ordering the same to record. The claimants objected to the admission of this evidence, upon the ground that the year's support was void, because the description, in the return of the appraisers, of the land which the widow elected to take was too vague and indefinite. The court overruled the objection and admitted said proceedings.

The trial judge admitted oral testimony to the effect that T. R. Maxwell owned only one tract of land, which contained one whole lot, number 249, one half. lot, and a fraction of about ten acres of another lot; that Maxwell was living on this tract at the time of his death; that this tract was set aside to his widow as a year's support, and was the land levied upon; and that the appraisers set aside the whole of his estate as a year's support for his widow and minors. To the admission of this testimony the claimants objected, upon the grounds that the description of the land in the year's support was void for vagueness and indefiniteness, for which reason parol evidence was inadmissible to supply or aid the description; and because said evidence was inadmissible to show that the whole estate had been set aside to the widow and minor children, there being nothing in the return of the appraisers showing or indicating that such was a fact. The court overruled these objections and admitted this evidence.

Claimants introduced evidence to show that the ordinary, who made the return of the appraisers setting aside this year's support the judgment of the court of ordinary, and the appraisers who set aside the year's support, were each related to the applicant by consanguinity or affinity within the fourth degree; and they moved for this reason to exclude from evidence the return of the appraisers and the judgment of the court of ordinary, on the ground that such judgment was void because of such relationship. The court overruled this motion. The claimants excepted, and they assigned error on each of the foregoing rulings in the grounds of their motion for new trial.

1. The first headnote requires no elaboration.

2. The controlling question in this case is whether or not the

proceedings setting aside a year's support should have been reject-
ed by the trial judge, for lack of sufficient description of the land
which the applicant elected to take in lieu of the money set aside
to her and the minor children of the intestate for a year's sup-
port. The appraisers set aside the sum of $1465 in money as a
year's support. They did not undertake to set aside this support
in property; but in their return they stated that the widow elected
to take this sum in real and personal property. If the appraisers
had undertaken to set aside land alone as a year's support, their
description of this land would have been void for lack of definite-
ness, under the decisions of this court. In *Tippins* v. *Phillips,*
123 *Ga.* 415 (51 S. E. 410), a description of land in a contract
of sale, as follows: "424 acres of land in Tattnall County," was
held by this court to be too vague and indefinite. In *McSwain* v.
*Ricketson,* 129 *Ga.* 176 (58 S. E. 655), a return of appraisers
setting apart a year's support, which did not purport to embrace
the entire estate of the decedent, but designated as one of the
items of property set apart, the following: "175 acres of land,
more or less, of lot of land No. 49 in the 6th district," was held
by this court, as to such item, too vague and uncertain to be
capable of enforcement. In the opinion Mr. Justice Cobb called
attention to the fact that "the words of indefiniteness, 'more or
less,' are used." In *Estes* v. *Winn,* 136 *Ga.* 344 (71 S. E. 470),
land was described in a contract of sale as being "in DeKalb
County, being part of land lot No. 150 and lot 159, containing
160 acres, more or less." This court held that such description
was too vague and indefinite to locate the land. In *Clayton* v.
*Newberry,* 138 *Ga.* 735 (76 S. E. 63), this court ruled that "A
description of land in a written contract as 'part of lot No. 200
in the sixth district and second section of said county [the county
being elsewhere named], containing fifteen acres, more or less,'
is insufficient." In *Hutchinson* v. *Woodward,* 145 *Ga.* 325 (89
S. E. 208), where the description of land, in the report of ap-
praisers setting aside a year's support, was "20 acres of land
valued at $250," and where it did not appear from the year's sup-
port proceeding that the entire estate of the decedent was intended
to be set aside, this court held that such description was too in-
definite to be capable of enforcement, and as to that item the
allowance was ineffective. In *Blackwell* v. *Partridge,* 156 *Ga.*

119 (118 S. E. 739), this court held that "A return of appraisers to set apart a year's support was not admissible in evidence, the sole description of property set apart being 'one vacant lot, containing one acre, in the Town of Lincolnton.'" In *Bush* v. *Clemons,* 161 *Ga.* 311 (130 S. E. 914), the return of appraisers showed that they set apart numerous articles of personal property, and "400 acres of land $8000.00;" and this court held that the report as to the land was void.

Where, from the return of the appraisers and the judgment of the ordinary, it appears in general terms that the whole of the property of the decedent is set apart, any competent evidence is admissible to apply the judgment to the subject-matter. *String-fellow* v. *Stringfellow,* 112 *Ga.* 494 (37 S. E. 767). In such a case, failure to minutely describe in the report the realty belonging to the estate does not render the proceeding void. *Moore* v. *Moore,* 126 *Ga.* 735 (2-a) (55 S. E. 950). It is now well established, that, a judgment setting aside a year's support being in effect a conveyance to the widow of an interest in her deceased husband's property, the description of the property must be such as to render it capable of identification; and if the description is so vague and indefinite that the property can not be identified, the title of the estate is not divested by the judgment setting apart a year's support. *Hancock* v. *King,* 133 *Ga.* 734 (66 S. E. 949) ; *Bush* v. *Clemons,* supra. Under the above decisions, if the appraisers had undertaken to set aside this land and personal property as a year's support for the widow and minor children, the description of the land was too vague and indefinite, and the return would be ineffective as to the land.

There is nothing to the contrary of what we hold in *Shore* v. *Miller,* 80 *Ga.* 93 (4 S. E. 561, 12 Am. St. R. 239), and *Hightower* v. *Hightower,* 159 *Ga.* 769 (127 S. E. 103). Of the first of these cases, it was said in *Huntress* v. *Portwood,* 116 *Ga.* 351, 356 (42 S. E. 513), that "The opinion delivered by Mr. Justice Blandford does not fully set forth the facts upon which the decision in that case was based. An examination of the original record therein, which is of file in the office of the clerk of this court, discloses that the descriptive words employed in the deed then under consideration were: 'All those tracts or parcels of land situate, lying & being in the 9th district of Hall County,

known by the numbers (being parts of lots) 22 & 23, and containing one hundred and seventy-two acres, more or less.' This language warranted the inference that it was the intention of the maker of the deed to convey all of his interest in the lands embraced in lots known as numbers 22 and 23 in the 9th district of Hall County; and it is clear that he did not claim to own all of the territory included in those land lots, or undertake to convey any portion thereof which did not belong to him. It was recited in the motion for new trial filed in that case that the party tendering this deed in evidence offered 'to prove by parol testimony the identity of the land described in said deed as parts of lots Nos. 22 & 23 in the 9th district of Hall County, and that it was all of those lots owned and possessed by the (grantor) at the time he executed said deed.' That, then, was a case where the grantor undertook to convey one entire tract of land lying in one land lot, and another entire tract situated in a different land lot." In *Hightower* v. *Hightower,* the appraisers set apart to a widow and minor children, as a year's support, "210 acres of land on the east side of the Oconee river in the 52 district G. M., Laurens County, Georgia." Here a definite number of acres, on the east side of the Oconee river, in a given district of Laurens County, this State, was set apart; and the evidence introduced in aid of the description showed that the decedent from whose estate the year's support was set apart owned only that number of acres on that side of the river in the given district and the named county of this State. In the case at bar, the appraisers set aside a given amount of money as a year's support, and the widow elected to take in lieu thereof land which is described in the report of the appraisers as consisting of an indefinite number of acres, describing the land set apart as 375 acres, more or less..

3. But, as we have seen, the appraisers set aside to the widow and minor children a given sum of money for their year's support. Instead of taking the money, the widow took in lieu thereof 375 acres, more or less, of lots of land 249, 271 and 248 in the 19th district of Decatur County. In other words, she elected to take these lands in lieu of payment of the sum of money awarded her by the appraisers for the year's support of herself and the minor children. Her election was in effect an exchange by her of this money for these lands. This election was in effect authorized by

the appraisers. She thus acquired a perfect equity in these lands. In this State a perfect equity is a good title even at law; and is sufficient to support or defend ejectment. *Pitts* v. *McWhorter,* 3 *Ga.* 5 (46 Am. D. 405); *Peterson* v. *Orr,* 12 *Ga.* 464 (58 Am. D. 484); *May* v. *Sorrell,* 153 *Ga.* 47, 52 (111 S. E. 810); *Elrod* v. *Bagley,* 154 *Ga.* 670 (115 S. E. 3); *Citizens Mercantile Co.* v. *Easom,* 158 *Ga.* 604, 610 (123 S. E. 883, 37 A. L. R. 378). In these circumstances, the fact that the return of the appraisers failed to sufficiently describe the land which the widow took in lieu of the money set apart to her and the minor children as a year's support would not affect her title to the land so taken; and parol evidence was properly admitted by the trial judge to show what land she got in lieu of this money. *Henderson Lumber Co.* v. *Lankford,* 151 *Ga.* 440 (107 S. E. 157). The trial judge properly admitted the return of the appraisers for the purpose of showing that the widow exchanged the money set apart as a year's support, for the lands and property described therein; and further properly admitted parol testimony to show what lands she in fact got for this money. Certainly the title of the widow and those claiming under her to this land should not be disturbed after the lapse of more than twenty years after she received this land in lieu of the money set aside to her and the minor children as a year's support.      *Judgment affirmed. All the Justices concur.*

RUSSELL, C. J., BECK, P. J., and GILBERT, J., concur in the result.