## MORRIS *v.* HASTY.

No. 7939. DECEMBER 9, 1930. REHEARING DENIED JANUARY 22, 1931.

*H. B. Moss,* for plaintiff in error.

*Morris, Hawkins & Wallace* and *Mozley & Gann,* contra.

GILBERT, J. This was an action for land. The verdict was for the plaintiff. The defendant filed a motion for a new trial on the general grounds, which was subsequently amended. The motion was overruled, and the defendant excepted to this judgment. The land was formerly owned by C. W. Morris, husband of the defendant, now plaintiff in error. Plaintiff claims under a regular chain of deeds beginning with a security deed executed by Mrs. Blanche Morris, defendant in the case, to whom the land was set aside as a year's support on the death of her husband, C. W. Morris. The security deed was executed to Black Builders Supply Company, to secure an indebtedness for materials used in the building of a dwelling. On non-payment of the debt Black Builders Supply Company secured a judgment against Mrs. Blanche Morris, and, after the filing of a quitclaim deed, the land was levied upon, sold, and

bought in by the Supply Company. Subsequently, through successive conveyances, R. K. Hasty, plaintiff in the case, obtained his title. Mrs. Blanche Morris bases her defense on the ground that she has never surrendered possession of the property, and that the original security deed executed by her was invalid, because the land, having been set aside to her as a year's support, could not be sold or conveyed as security for or in payment of her individual debt, not contracted for the support and maintenance of her minor children, she having until the trial one minor child.

The jury was authorized to find that Mrs. Morris contracted with Black Builders Supply Company to purchase materials for the building of a dwelling-house on land other than that sued for in this case, that at the time of the purchasing of the materials she stated she wished to erect a dwelling for the purpose of occupying it with her children, and that she did so occupy it at irregular intervals for the purpose of sending her children to school. The security deed was executed after she had obtained the lumber, when pressed by an agent of the Lumber Company to secure the indebtedness. Under the evidence the verdict for the plaintiff was authorized. None of the four amendments to the motion for a new trial shows error or cause for the grant of a new trial. Our attention is called to the fact that Mrs. Morris, who executed the security deed, continued in possession of the land, and to the familiar rule that possession of land is notice to the world of every right that the possessor has therein, legal or equitable. This rule is fully recognized, but it can be of no avail where, under all of the facts, the court and jury find that the person in possession has legally parted with all of her rights. It has been held by this court that a widow, to whom a year's support has been set aside for the support and maintenance of herself and minor children, can legally mortgage the property so set apart. *Lowe* v. *Webb,* 85 *Ga.* 731 (11 S. E. 845) ; *Allen* v. *Lindsey,* 113 *Ga.* 524 (38 S. E. 975). The widow in this case executed a security deed, but the principle is the same as if she had executed a mortgage. The jury was authorized to find that she executed the security deed to secure payment for lumber used in erecting a dwelling for the use of herself and children. A dwelling is necessary and essential for their maintenance, and is one of the purposes for which property set aside for a year's support can be used.

*Judgment affirmed. All the Justices concur.*