WHITFIELD *et al. v.* MADDOX, executor, *et al.*

Nos. 12994, 12995. MARCH 15, 1940. REHEARING DENIED MARCH 27, 1940.

*R. F. Chance* and *J. M. Lang,* for plaintiff.

*R. Carter Pittman, S. R. Maddox,* and *Jack B. Ray,* for defendants.

BELL, Justice. The principal questions for decision in these cases are whether a return of appraisers appointed to set apart a year's support for a widow and minor children sufficiently described lands therein referred to as being set apart for that purpose, and whether subsequent conveyances by the widow appeared, or were shown, to be invalid. A. Whitfield died intestate in the year 1917, a resident of Murray County. In April, 1918, on application of his widow for a year's support for herself and three minor children, appraisers appointed by the ordinary made a return upon a printed form, in which the blanks were filled out in handwriting, as indicated by the words here italicized:

"Georgia, *Murray* County.

"To the Honorable Court of Ordinary of said county:

"We, the undersigned, appointed by the honorable the ordinary of said county of *Murray* to assess and set apart a sum necessary for the support and maintenance of the widow and minor children of *A. Whitfield* deceased, for the space of twelve months, either in money or such property as the widow may select, do report, that we have assessed and set apart as being necessary for the support and maintenance of said widow and children, the sum of *four thousand, four hundred and fourteen dollars,* which the widow has selected to take as follows:

"We set apart A. Whitfield's interest in parts of lots of land Nos. 220, 249, & 256, being 190 acres, more or less, in the 9 dist. & 3 section, described in deed from G. W. and J. A. Cox to G. B. Greeson, Val. $2000.00.

"Also 70 acres, more or less, being the east side of lot of land No. 175, 9 dist. 3 sec. $1000.00.

"Notes & accounts 269.00. Bank account, 195.00, 464.00.

"2 mules & wagon & buggy farming tools and rents for 1917 900.

"And we also set apart the following household furniture for the use of said widow and children:

"All household and kitchen furniture $50.00.

"We set apart the above-property subject to A. Whitfield's debts."

The return was signed by the appraisers, and on May 6, 1918, was duly admitted to record by the ordinary. The application and order appointing appraisers each recited that A. Whitfield died a resident of Murray County, Georgia. Mrs. Whitfield executed several security deeds, by which she finally conveyed to others all of the land which she claimed under the foregoing return. The secured debts were not paid, and as a result of these transactions all of such real estate later came into the possession of Sam P. Maddox as an immediate grantee of a part of the property, and as a remote grantee of the remainder. The minor children referred to in the year's support proceedings were three sons, Hubert, Carlton, and Byron Whitfield, who after arrival at majority, suing jointly and severally, instituted against the executors of Sam P. Maddox, deceased, two actions for land, seeking to recover two separate tracts, the descriptions of which corresponded in a general way with the descriptions contained in the appraisers' return, except that in each action the land sued for was definitely described in the petition. The plaintiffs alleged that they were the only heirs of the intestate, and that there was no administration of his estate. The defendants in each case filed an answer, admitting some of the allegations of the petition and denying others, but in each instance asserting title under the year's support and conveyances made by the widow and others claiming under her as stated. The plaintiffs filed a general and a special demurrer to the answer in each case. These demurrers were overruled, and the plaintiffs excepted pendente lite. The main contentions presented by the demurrer were (1) that the lands were so vaguely and imperfectly

described in the year's support proceedings that no right or title was conferred upon the widow thereby, and (2) that the answers did not show any necessity for the execution of the security deeds by the widow or that these deeds were made for the purpose of a support for the widow and minor children. The court directed a verdict for the defendants on a plea of res adjudicata as to Byron Whitfield. On submission to the jury, general verdicts were returned in favor of the defendants and against Hubert and Carlton Whitfield. These two plaintiffs filed motions for new trial, suing out two writs of error, one in each suit, that is one as to each tract. The motions for new trial contained the usual general grounds and several special grounds complaining of rulings upon the admissibility of evidence, and assigning error upon an excerpt from the charge of the court. In each case the bill of exceptions assigned error not only upon the judgment refusing a new trial, but also upon the exceptions pendente lite as taken to the overruling of the demurrer.

■ Case No. 12,994 refers to what we may briefly designate as the 70-acre tract. Case No. 12,955 refers to the larger tract, which may in like manner be designated as the 190-acre tract. Case 12,995 will be considered first. We quote again the description contained in the return of the appraisers: "A. Whitfield's interest in parts of lots of land Nos. 220, 249, & 256, being 190 acres, more or less, in the 9 Dist. & 3 Section, described in deed from G. W. and J. A. Cox to G. B. Greeson." This description does not give either the State or county in which the land is situated; but since the application for the year's support and the order appointing the appraisers recited that A. Whitfield died a resident of Murray County, Georgia, and the proceedings were had in the court of ordinary of that county, it should be considered prima facie that the lots referred to in the return were located in the same county. *Horton* v. *Murden,* 117 *Ga.* 72 (3) (43 S. E. 786) ; *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530) ; *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636) ; *Jennings* v. *Williams,* 167 *Ga.* 615 (2), 617-618 (146 S. E. 452) ; *Star Laundry Co.* v. *May Dry-Cleaning Co.,* 176 *Ga.* 34, 40 (166 S. E. 655) ; *Baker* v. *Lilienthal,* 176 *Ga.* 802, 807 (169 S. E. 28). The land was described as A. Whitfield's interest in parts of three designated lots, being 190 acres, more or less, in the 9th district and 3rd section. This would seem to mean the entire interest of A. Whitfield in any part of any one of these lots; but

regardless of this, on consideration of the further words, "described in deed from G. W. and J. A. Cox to G. B. Greeson," it can not be said that the return did not furnish a key by which the land might be identified. In such case the return of the appraisers was not void as to this land for want of a sufficient description. *Smith* v. *Smith*, 112 *Ga.* 351 (5) (37 S. E. 407). It has been held that if a tract of land be described by reference to a more particular description in another deed, the instrument is prima facie good as a conveyance of title. *Crawford* v. *Verner*, 122 *Ga.* 814, 816 (50 S. E. 958) ; *Sizemore* v. *Willis*, 130 *Ga.* 666 (61 S. E. 536). The instant return was not void for uncertainty, but it furnished a key, perhaps more than one key, apparently sufficient for identification. See *Tumlin* v. *Perry*, 108 *Ga.* 520, 522 (34 S. E. 171) ; *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494 (2) (37 S. E. 767) ; *Allen* v. *Lindsey*, 113 *Ga.* 521 (2) (38 S. E. 975) ; *Harriss* v. *Howard*, 126 *Ga.* 325 (3) (55 S. E. 59) ; *Moore* v. *Moore*, 126 *Ga.* 735 (2) (55 S. E. 950) ; *Hancock* v. *King*, 133 *Ga.* 734 (66 S. E. 949) ; *Pearson* v. *Horne*, 139 *Ga.* 453 (77 S. E. 387) ; *Smith* v. *Federal Land Bank of Columbia*, 181 *Ga.* 1 (181 S. E. 149). It follows that the court did not err in overruling the demurrer to the answer, so far as it challenged the sufficiency of description. The extraneous evidence was in conformity, and applied such description to the subject-matter. The other grounds of demurrer were likewise unmeritorious, in view of the presumption as to validity of sales by the widow, to which reference will be made in the succeeding division of this opinion.

■ In ground 4 of the motion for new trial it appears that the plaintiffs offered to prove by their mother, Mrs. Carrie Whitfield, that she made a security deed to Sam P. Maddox, conveying the land for the purpose of obtaining money with which to purchase other real estate situated in the City of Dalton. The court excluded the testimony, and the movants assigned error on this ruling. This ground does not show error. When land belonging to the estate of a decedent is set apart as a year's support to his widow and minor children, the widow may sell and convey it for the purpose of such maintenance and support, and such sale and conveyance will divest the title of the children as heirs of the decedent. Nor is the validity of a sale for such purpose dependent upon a *necessity* to sell. *Reese* v. *Reese*, 146 *Ga.* 684 (92 S. E. 218) ; *Patterson* v.

*Swift & Co.,* 163 *Ga.* 297, 302 (136 S. E. 68). The movants did not undertake to show the purpose for which the real estate in Dalton was to be used, whether for support and maintenance or for some purpose foreign to the objects of a year's support. In the absence of anything to the contrary, it will be presumed that the sale was for a proper and lawful purpose. *Ragan* v. *Shiver,* 130 *Ga.* 474 (61 S. E. 1); *Jones* v. *Federal Land Bank of Columbia,* 189 *Ga.* 419 (2) (6 S. E. 2d, 52). See *Simpson* v. *Kelley,* 171 *Ga.* 523 (2) (156 S. E. 198); *Morris* v. *Hasty,* 171 *Ga.* 648 (156 S. E. 602); *Reynolds* v. *Baxter,* 177 *Ga.* 849 (171 S. E. 706). It follows that the proffered evidence would not have shown that the conveyance was invalid, and that the court did not err in excluding it. Moreover, regardless of the purpose for which the widow may have conveyed the land, since it appears that she is still in life, the plaintiffs could not recover it in an action to which she was not a party, even on allegation and proof that the conveyance was not made for a proper purpose. *Boozer* v. *Nash,* 120 *Ga.* 406 (47 S. E. 908). Grounds numbered 5 and 6 complained of rulings of the court admitting in evidence the year's-support proceedings and the muniments of title under which the defendants claimed, to all of which the plaintiffs objected on the grounds that the year's-support proceedings did not sufficiently describe the property, and that the evidence did not show that the widow conveyed the land for the purpose of obtaining a support for herself and the minor children. Under the rulings in the preceding division, the court did not err in admitting the evidence.

■ Under the preceding rulings, the evidence demanded the verdict in favor of the defendants. Therefore it is unnecessary to consider the assignments of error on the charge of the court, as contained in ground 7, since any error in the charge was immaterial and harmless to the plaintiffs.

■ We will now address our attention to case No. 12,994, relating to the 70-acre tract; that is, the second tract referred to in the return of the appraisers, and described therein as "70 acres more or less, being the east side of lot of land No. 175, 9 Dist. 3 Sec." This was not a sufficient description of any property, but the description was so vague and indefinite as to render the return void, so far as it referred to "70 acres more or less." The words "more or less" would make it utterly impossible to survey or determine

any line by which a definite tract on the east side of the lot might be identified. *Farrar Lumber Co.* v. *Brindle,* 170 *Ga.* 37 (5) (151 S. E. 923). It follows that the widow did not acquire title to any portion of lot No. 175, and that any land owned by the decedent in this lot continued to be a part of his estate, subject to the laws of descent and distribution. See *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410); *McSwain* v. *Ricketson,* 129 *Ga.* 176 (58 S. E. 655); *Estes* v. *Winn,* 136 *Ga.* 344 (2) (71 S. E. 470); *Clayton* v. *Newberry,* 138 *Ga.* 735 (76 S. E. 63); *Hutchinson* v. *Woodward,* 145 *Ga.* 325 (89 S. E. 208); *Blackwell* v. *Partridge,* 156 *Ga.* 119 (118 S. E. 739); *Bush* v. *Clemons,* 161 *Ga.* 311 (130 S. E. 914); *Allen* v. *Smith,* 169 *Ga.* 395 (150 S. E. 584). The defendants rely upon the decision in *Maxwell* v. *Citizens Bank,* 165 *Ga.* 125 (3) (139 S. E. 864), in which it was held that where appraisers set apart as a year's support to a widow and minor children a certain *sum of money,* which the return recited the widow *elected* to take *in land* as described and valued in the return, "which election was effectuated by the widow getting the lands so taken in lieu of the money, such transaction was in effect a purchase by her of said lands with the money set aside as a year's support, and she thus acquired a perfect equity to the lands so chosen by her; and the report of the appraisers showing such election was properly admitted by the trial judge to show the full transaction; and parol evidence was properly admitted by him to identify the lands so chosen by the widow, although their description in the report of the appraisers was vague and uncertain." That decision does not fit the instant case, and does not sustain the contention of these defendants. In the first place, the defendants did not plead that the year's support was set apart in money and that land was taken in lieu thereof. In the next place, the return shows upon its face that it was intended as a direct award of land, and not merely as permitting an election to take land in lieu of money. The return was partly printed and partly in handwriting; and in such case, if there are inconsistencies, the writing is entitled to greater consideration. Code, § 20-704 (7); *Shackelford* v. *Fitzgerald,* 151 *Ga.* 35 (105 S. E. 597). In the return here in question the description of all the lands was preceded by the written words, "We set apart," thus showing an intention to set apart the lands themselves, and not to confer a mere right of election in reference

thereto. Finally it may be observed that the widow testified to the effect that she made no election, but that as related to land her right was based directly upon the return. It is true that she did not so testify in express terms; but such was the substance and effect of her testimony, and there was no evidence to the contrary; nor was there any objection to such testimony. From what has been said, the claim of the widow and her successors in title must stand or fall with the return of the appraisers, and since this return was insufficient to award any part of lot No. 175, the defendants failed to allege or show any title to the smaller tract "70 acres more or less," which is the subject-matter of Case No. 12,994. See *Horn* v. *Truett*, 114 *Ga.* 995 (41 S. E. 498).

■ It appeared without dispute, from the pleadings and the evidence, that the widow had not elected to take a child's part or to have dower assigned to her. "When a man dies intestate, leaving a widow and children, the title to his realty vests in the latter, subject only to the former's right to take a child's part or have dower assigned therein; and unless it affirmatively appears that, within the time prescribed by law, she elected to take a child's part, no presumption will arise that she ever had any vested estate in fee in such realty." *Snipes* v. *Parker*, 98 *Ga.* 522 (25 S. E. 580); *Harvey* v. *Moore*, 140 *Ga.* 691 (79 S. E. 772); *Heard* v. *Kenney*, 146 *Ga.* 719 (92 S. E. 211). It follows that the court erred in not sustaining the plaintiffs' demurrer to the answer of the defendants, and that under the pleadings and the evidence the plaintiffs Hubert and Carlton Whitfield were entitled as a matter of law to recover their respective interests, one third each, in the land sued for. The grounds of the motion for new trial filed in this case were the same as in Case No. 12,995. The court erred in admitting the evidence complained of in grounds numbered 5 and 6, and in giving the charge assigned as error in ground numbered 7. This charge submitted the question of sufficiency of description; and further instructed that in circumstances stated it would be presumed that the widow elected to take the land in lieu of money, and that in such case she acquired an equitable title which she could convey. Regardless of the correctness or incorrectness of this charge in the abstract, it was unwarranted by the evidence, so far as it referred to election and equitable title. The court erred in refusing a new trial. The present case does not involve application

or construction of the act of March 12, 1937 (Ga. L. 1937, p. 861; Code 1939 Supp., §§ 113-1023-113-1032), the year's support having been set apart before the passage of that act. With further reference to *Maxwell* v. *Citizens Bank,* supra, it appears that only three of the Justices concurred in the decision; but since it is clearly distinguished by its facts from the case now under consideration, nothing said in the present opinion is to be taken as either approving or disapproving the reasoning employed in that decision.

*Judgment reversed in 12,994; affirmed in 12,995. All the Justices concur.*