### GILBERT v. FOWLER.

WYATT, Justice. Mrs. Ruth D. Fowler (defendant in error) filed a suit against L. D. Gilbert (plaintiff in error) seeking the reformation of a deed executed by L. D. Gilbert to Joe C. Fowler, husband of defendant in error, since deceased, on the ground of mutual mistake. It is alleged that the mistake was made by the scrivener who, when writing the deed, drew the description to read, "thence South along the East line of the lots of land numbers 498 and 511 a distance of 1524 feet to the South-

west corner of lot number 511," when the description, as agreed upon, should have read, "thence South along the East line of lots of land numbers 498 and 511 a distance of 1524 feet to the Southeast corner of lot number 511." Plaintiff alleged that she was the owner of these lands and is in possession by virtue of the fact "that said lands have been set aside to her as a year's support by the Court of Ordinary of Forsyth County, Georgia." There are further allegations in the petition seeking to perfect her cause of action, but, as will appear from the opinion, it will not be necessary to set them out here. The prayer was for reformation of the deed. Defendant filed his answer and the case proceeded to trial before a jury, and a verdict was returned in favor of reforming the deed as prayed in the petition. Defendant moved for a new trial on the general grounds, and amended by adding five special grounds, complaining of the admission, over objection, of certain evidence and of the charge of the court. The motion for new trial was overruled, and defendant brings his bill of exceptions to this court, complaining of the judgment denying a new trial. *Held*:

1. Plaintiff's interest in the land here in question, and hence her right to maintain the present action, is based upon a year's support proceeding in the Court of Ordinary of Forsyth County, in which the land was purportedly set aside to her. During the trial of the case, there was introduced in evidence by the plaintiff a copy of the year's support proceedings. The report of the appraisers reads as follows: "We, the undersigned . . do report that we have assessed and set apart as being necessary for the support and maintenance of said widow and children the sum of Eight Hundred Seventy Five Dollars, which the widow has selected to take as follows: [nothing set forth in this space] and we also set apart the following household furniture for the use of said widow and children: All household furniture; farm $700.00; 1 cow $75; 1 mule $20.00; 1 hog $50.00; 1 wagon $20.00; farming tools." Citation was duly issued and published, and the above report was ordered admitted to record as a judgment of the court of ordinary. "In order to divest the title of a decedent by the allowance of a year's support to his widow and minor child, the land must be so described as to indicate that a particular tract was intended to be set apart. Where the only description of the land in the report of the commissioners who set apart the year's support is '20 acres of land valued at $250.00,' and where it does not appear from the year's support proceedings that the entire estate of the decedent was intended to be set aside, such description is too indefinite to be capable of enforcement, and as to that item the allowance is ineffective." *Hutchinson* v. *Woodward*, 145 *Ga.* 325 (1) (89 S. E. 208). See also *McSwain* v. *Ricketson*, 129 *Ga.* 176 (58 S. E. 655); *Blackwell* v. *Partridge*, 156 *Ga.* 119 (118 S. E. 739); *Maxwell* v. *Citizens' Bank*, 165 *Ga.* 125 (139 S. E. 864); *Whitfield* v. *Maddox*, 189 *Ga.* 870 (4) (8 S. E. 2d, 57). Applying the rules stated in the above-cited cases to the facts in the instant case, we find the description of the land in the report of the appraisers in the year's support proceeding to be wholly insufficient to pass title to the decedent's widow, defendant in error in the instant case. The report of the appraisers in the year's support proceeding does not purport to set aside all of the decedent's estate as a year's support, nor does it appear from

the proceedings that the decedent's entire estate was intended to be set aside. The report simply sets aside designated items of property which belonged to the decedent at the time of his death. There is nothing in the proceedings or the evidence which would indicate that a particular tract was intended to be set aside, as is required under the rules to which we have above referred.

2. Defendant in error contends that a certain plat in the record is sufficient to correct the description contained in the report of the appraisers and to vest title in her by virtue of the year's support proceeding. The plat referred to bears a notation at the bottom, which reads in part as follows: "Land of Joe C. Fowler Estate set apart to his widow, Mrs. Ruth Fowler and five minor children . . according to the plat made of said lands by Arnold Williams County Surveyor October 1946." That contention might be meritorious if it were shown that the lands embraced in the plat were the lands intended to be set apart by the appraisers in the year's support proceeding. However, in the instant case, the plat is not attached to the appraisers' report; there is no reference in the report to any plat; it is not shown that the plat was filed by the appraisers, nor that the appraisers had seen the plat, nor even that they knew that such a plat existed. Plaintiff's own evidence proves conclusively that the lands represented in the plat referred to could not have been the lands the appraisers intended to set apart to her as a year's support. Arnold Williams, the surveyor who purportedly made the plat, called by plaintiff, testified that he did not make the plat, that it was not a drawing of his, and did not represent any drawing he had ever made. Plaintiff herself testified that Joe C. Fowler, her deceased husband, sold part of the land embraced in the plat to named persons before he died. The appraisers could not, of course, have intended to set this land aside as a year's support. Therefore, we must hold, under the facts here appearing, that the purported plat does not aid the defective description in the report of the appraisers; that the attempt to set aside lands to the plaintiff in the court below as a year's support is ineffective as to that item; and that the plaintiff in the court below has not shown that she is the proper party to maintain a suit to reform the deed here in question. A verdict for the defendant in the court below was, therefore, demanded by the evidence in the record in this case, and it was error to refuse the grant of a new trial.

*Judgment reversed. All the Justices concur.*

No. 17389. MARCH 13, 1951.

*Leon Boling,* for plaintiff in error.
*J. P. Fowler,* contra.