### 32329. SUDDERTH v. BAILEY et al.

INGRAM, Justice.

This case involves title to a 37-acre tract of land set aside for the support of the widow and minor son of Edgar Sudderth in a year's support judgment rendered in 1922.

The widow of Edgar Sudderth is one of the appellees herein. The minor son of Edgar Sudderth, who has long since attained his age of majority, is the appellant herein. Both assert claims of legal and equitable title to the subject property. The trial court ruled in favor of the widow and the son appeals.

The appellant son argues that the description of this land in the judgment setting apart the year's support is so vague and indefinite as to render the land incapable of identification, and, therefore, the year's support judgment is void and did not divest the decedent of title to the land. See *McSwain v. Ricketson,* 129 Ga. 176, 179 (58 SE.655) (1907). If this is indeed the case, title to the land would be held jointly and coequally by mother and son as heirs at law of the deceased father, under the intestacy laws in effect in 1921 when the father died. Code Ann. § 113-903 (Ga. L. 1804, Cobb, 291).

If, on the other hand, the year's support judgment is upheld, what would be the respective rights of appellant son and appellee widow?

"Property awarded to a widow and minor child or children vests in them as tenants in common and the interest of minors is not terminated by their attainment of majority. But throughout the lifetime of the widow a joint award remains subject to the right of the widow to sell or encumber for her support or that of remaining minors. The widow in effect becomes a trustee for the minor children and is vested with full and exclusive control over the management of the property without interference from the children." 29 EGL, Year's Support, § 18 (1975).

After the minor marries or reaches majority, the year's support property remains for the support of the widow and she has the power to encumber or sell the entire interest in the property for such purpose. This does not include the power to give the children's share of the property to another by will. See *Walden v. Walden,* 191 Ga. 182 (12 SE2d 345) (1940); and, *Ferris v. Van Ingen & Co.,* 110 Ga. 102 (7) (35 SE 347) (1899).

The year's support judgment sets aside "37 acres more or less . . ." for the support of the widow and child, but contains no further description of the property. It is clear that this description of the property is entirely insufficient and, nothing else appearing, would render the judgment void and unenforceable. See, e.g., *Whitfield v. Maddox,* 189 Ga. 870 (4) (8 SE2d 57) (1940); *Maxwell v. Citizens' Bank,* 165 Ga. 125 (139 SE 864) (1927); *Blackwell v. Partridge,* 156 Ga. 119 (118 SE 739) (1923); *Hutchinson v. Woodward,* 145 Ga. 325 (89 SE 208) (1916).

The trial court found that any ambiguity in the description of the property contained in the year's support award is clarified by virtue of a plat filed contemporaneously with the year's support proceeding and recorded in the office of the then Court of Ordinary, as permitted under Ga. L. 1918, p. 122, presently codified as Code Ann. § 113-1005. However, neither the year's support judgment, nor the appraiser's return on which it was based, contained a reference to this plat. Cf. *Ennis v. Ennis,* 207 Ga. 665 (63 SE2d 887) (1951); and, *Wall v. Griffith,* 193 Ga. 11 (17 SE2d 57) (1941).

We need not decide whether the plat is admissible, under the circumstances of this case, to aid in identifying the property described in the judgment as we believe the appellant is estopped to contest the validity of the judgment. In 1961, appellant and appellee joined in conveying by warranty deed approximately two acres of this 37-acre tract to Mary Lou Puckett and R. L. Puckett, who are the other appellees in this appeal. This warranty deed contained the following recitation: "This being part of the same property set aside to Mrs. Dessa A. Sudderth, and one minor child of Edgar Sudderth, and recorded in Twelve Months Support Book 'C,' page 131, Ordinary's Office, Gwinnett County, Georgia."

It probably was not necessary for appellant to join in a conveyance of the property. Code Ann. § 113-1025, which requires either the child sui juris to join in a conveyance or encumbrance of year's support property or the widow to obtain the approval of the probate judge, would appear not to be applicable to a year's support judgment rendered in 1922. See *Turman v. Mabry,* 221 Ga. 153 (143 SE2d 645) (1965). However, the fact remains that appellant, after reaching the age of majority, did execute the deed as a grantor and in doing so recognized the prior year's support award.

Thus, appellant relied upon the year's support judgment as a muniment of title in joining this conveyance as one of the grantors. Because of this recital in the deed, appellant is estopped to deny the validity of the year's support judgment. "[T]he parties to a deed, and those claiming under it, are estopped by its recitals." *Williams v. Harris,* 207 Ga. 576, 578 (63 SE2d 386) (1951).

The year's support judgment is in effect a deed or conveyance of the property from the estate of the deceased husband to the beneficiaries named in the award. See *McSwain v. Ricketson,* supra. "[T]he grantee in a deed who claims title under it is estopped to dispute it . . . The doctrine that one asserting title under a conveyance is estopped to deny the truth of its recitals is based upon the 'rule of common sense,' that he is not at liberty to 'claim under it and deny it at the same time.'" *City of Abbeville v. Jay,* 205 Ga. 743, 748 (55 SE2d 129) (1949). See also *Moran v. Bank of Forsyth,* 129 Ga. 599 (59 SE 281) (1907). Therefore, as a beneficiary of the year's support award who had previously claimed title under it, we think the appellant son is estopped from contesting its validity.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

SUBMITTED MAY 20, 1977 — DECIDED JUNE 20, 1977 — REHEARING DENIED JULY 14, 1977.

*Craig & Elrod, Jack T. Elrod,* for appellant.
*Morgan & Sunderland, Thomas Stanley Sunderland,* for appellees.

ON MOTION FOR REHEARING.

Appellant argues in a motion for rehearing that affirmance of the trial court's judgment, which found in favor of appellee's claim of title to the property in dispute, will result in unjust enrichment to the appellee in view of expenditures made by appellant on the property. That issue is not decided in this appeal.

*Motion for rehearing denied.*