VANDIGRIFT *et al. vs.* POTTS.

72 665
98 369
————
72 665
d109 261
————
72 665
q120 408
————
72 665
e127 681

1. While a widow may sell land set apart as a year's support, on behalf of herself and children, when neccessary in order to support them; yet where she re-married, sold the land and bought other land, taking title in herself and her second husband, the sale is not good.
2. The purchaser having bought fairly and paid full price, the husband and wife having the land bought with the proceeds of the sale, and the children having been in part supported from the land so bought, there are equities to be adjusted between the parties.
(a.) *Semble*, that a bill in equity would be the proper remedy in this case.

February 19, 1884.

Year's Support. Sales. Title. Husband and Wife. Equity. Before Judge ESTES. White Superior Court. October Term, 1883.

J. M. Vandigrift and Sallie Wheeler (formerly Vandigrift), as heirs at law of E. A. Vandigrift, deceased, brought ejectment against Charles Potts. On the trial, the following facts appeared :

E. A. Vandigrift died in 1861 or 1862, leaving a widow and two children (the plaintiffs), who were then between ten and thirteen years of age ; the widow obtained the land in controversy to be set apart to herself and children as a year's support; she married again in 1869 ; her second husband and herself joined in a conveyance of the lot in dispute to defendant on November 5, 1873 ; defendant paid for the property $560.00, the payment consisting of a wagon, two mules, two notes of $100.00 each, and $60.00 in money. This had the approval of the ordinary endorsed upon it. The second husband bought another place for $500.00, giving therefor the wagon and mules, and two notes received from defendant. The title, however, was taken in the name of himself and wife. The children lived with their stepfather, and were supported until about eighteen years old; they worked while thus supported.

The jury found for defendant. Plaintiffs moved for a new trial on the following, among other grounds :

(1.) Because the court charged as follows : "If you be- lieve from the evidence that the widow sold the land in dispute after it had been set apart as a year's support, the presumption of law is, that it was sold for the purpose of supporting her family ; and the burden would be upon the plaintiffs, who attack the sale, to satisfy the jury that such sale was not made *bona fide* for the support of said family ; and that defendant knew that such sale was not made for the support of the family; so that before the plaintiffs can recover in this case (if you believe such sale was made after it was set apart, as I have already stated to you), you must believe that the sale was not made for the sup- port and benefit of the family, and that the defendant knew it, because if he bought *bona fide*, believing that the widow had a right to sell it for the support of the family, and that she was selling it for that purpose, then he will be protected in his title."

(2.) Because the court charged as follows : "If the jury find that the widow sold the property in dispute for the support of the family, as already stated, then if these plaintiffs recovered any benefit from the trade, or received any of the property received at such sale, or any benefit in the way of a home, then the plaintiffs must account to the defendant for the property so received before they can recover the land in this case."

The motion was overruled, and plaintiffs excepted.

C. H. SUTTON; W. T. CRANE, for plaintiffs in error.

A. F. UNDERWOOD & SON; J. J. KIMSEY, for defendant.

JACKSON, Chief Justice.

The year's support set apart for a widow and children was in land. Several years after it was so set apart, she married and sold the land. The children having arrived at majority, sued for their portion of the land, as heirs at law

of the father, and as entitled to their shares of the land so set apart. The jury, under charge of the court, found against them, and from the refusal of a new trial they excepted. The question is, can they recover?

1. We think that the marriage of the mother made a complete change of the relation of the parties and the status of the case. Her eye was no longer single towards the children. Her affections were divided, and in a large measure another's. This court decided that she could sell for herself and her children, to feed and clothe them, when necessary to sell in order to support the household,* but here that household is broken up; the mother is married, and another head, a stranger to the children, takes possession; and the home is sold, and another is bought, and title to that is not in the mother and children, but in the new husband and wife. Do not her letters of administration abate if she marry? Here there was no administration, except her administration of this year's support for herself and children, the title, the right to a support out of it, being equally in her and in them, and she holding theirs in trust for their support, and if the income support them and her, for them in fee. Do not her letters, her right to sell this property, abate? We think it would be dangerous to uphold the sale, under these circumstances, and so rule.

2. The defendant here bought fairly, paid full price. The husband and wife have land, it appears in the record, bought with his money, paid for the land of these children; they have been supported in part, perhaps, out of this land so bought; there are equities all around; and therefore, whilst we reverse the judgment for the defendant, and grant a new trial, we do so with the intimation that a bill in equity, making this husband and wife, as well as these plaintiffs, parties defendants, may adjust the equities between all concerned, so as better to subserve the ends of justice than a naked issue between the present plaintiffs and the defendant.

Judgment reversed.

* 69 *Ga.*, 369, and citations.