## BOOZER *et al.* v. NASH.

Land was set apart as a year's support to a widow and her five minor children jointly; she sold the land, not for the support and maintenance of the family, and put the purchaser in possession; after three of the children attained their majority, they, and the two minors by next friend, brought an action, in the old form of "complaint for land," against the vendee of the purchaser from the widow, for the recovery of the land and mesne profits. *Held*, that it was not erroneous to dismiss the action on the ground that the plaintiffs could not recover the land during the life of the widow in an action to which she was not a party.

Argued May 21, — Decided June 9, 1904.

Complaint for land. Before Judge Russell. Gwinnett superior court. September 18, 1903.

*O. A. Nix* and *R. W. Peeples*, for plaintiffs.
*T. M. Peeples*, for defendant.

FISH, P. J. Certain land was set apart to Martha W. Boozer, widow of George W. Boozer, and her five minor children, jointly, as a year's support. Subsequently she sold and conveyed the land to Coggins, and she and the children moved away and Cog-

gins was put into possession. He, in turn, sold and conveyed to Nash, who paid full value for the same. The sale by the widow was not for the support and maintenance of herself and children, but the evidence in the case does not show that Coggins or Nash had knowledge of this fact. After three of the children had become of age, they, and the two remaining minors by next friend, brought an action against Nash to recover the land and for mesne profits. On the trial of the case the above facts appeared, and that the widow was in life at the time the action was brought. Upon the conclusion of the evidence, the court, on motion of the defendant, dismissed the case, upon the ground that the plaintiffs could not recover the land during the life of the widow, she not being a party to the case, either for herself or as guardian for her minor children. To this ruling the plaintiffs excepted. Was the dismissal proper? Our opinion is that it was. Where a year's support is set aside to a widow and children jointly, the widow is entitled to use and control it as long as she lives and the property so set apart lasts, even though the children marry or become of age; and the children, in such a case, can not force a division of the property so set apart. *Miller* v. *Miller*, 105 *Ga.* 305, and cit. The title to land so set apart for a widow and minor children vests in the widow and such children, but the widow has the exclusive control and management of the property. *Howard* v. *Pope*, 109 *Ga.* 259. In *Ferris* v. *Van Ingen*, 110 *Ga.* 102, it was held: "Where a year's support has been set aside jointly for a widow and her minor son out of the estate of the deceased husband and father, the widow represents the minor, and the latter can not file an independent intervention for the purpose of securing the payment of the judgment for the year's support, without showing that the widow has failed or neglected to intervene or that she is in collusion with other creditors, or setting up some other equitable reason." In the opinion in that case Chief Justice Simmons said: "This year's support was set aside jointly to the minor and the widow, and in such a case the widow represents the minor and has absolute control of the property set apart as the year's support. She can sell or dispose of it without consulting the child, and without any proceeding in any court of law or equity, and without making the child a party in such a proceeding. She in effect becomes trustee for the child for his share

in the amount set apart. If he should marry or become of age, he would not be entitled to withdraw from the widow his portion of the year's support." As the widow, under the facts of the present case, had the absolute and exclusive right to control and manage the land in question, it follows that the right of possession was in her and she was the only party who could sue for its recovery, unless, as was suggested in *Ferris* v. *VanIngen,* supra, she failed or neglected to sue, or was in collusion with the defendant, or there was some other equitable reason set up why the action was not brought by her. The present is not an equitable proceeding of any kind, but is simply an action, in the old statutory form, for the recovery of land and mesne profits. Plaintiffs in error rely upon the case of *Vandigrift* v. *Potts,* 72. *Ga.* 665. The soundness of the ruling there made seems to have been somewhat questioned in *Howard* v. *Pope,* supra. The facts in the *Vandigrift* case and the reasoning upon which the decision was based do not require a reversal of the judgment in the case at bar. In that case the widow, after the year's support was set apart to her and her minor children, married again, and she and her husband sold the land which had been set apart, and, with the proceeds of sale, bought other land to which they took title in their own names. The children, after becoming of age, brought suit for their interest in the land so set apart. It was held that the sale by the widow was void. In the opinion, Chief Justice Jackson said: " We think the marriage of the mother made a complete change of the relation of the parties and the status of the case. Her eye was no longer single towards the children. Her affections were divided, and in a large measure another's. This court decided that she could sell for herself and her children, to feed and clothe them, when necessary to sell in order to support the household, but here that household is broken up; the mother is married, and another head, a stranger to the children, takes possession; and the home is sold, and another is bought, and title to that is not in the mother and children, but in the new husband and wife. Do not her letters of administration abate if she marry? Here there was no administration, except her administration of this year's support for herself and children, the title, the right to support out of it, being equally in her and in them, and she holding theirs in trust for their support, and if the income support

them and her, for them in fee.　Do not her letters, her right to sell this property, abate?　We think it would be dangerous to uphold the sale, under these circumstances, and so rule."　The question made in the case now in hand was not then before the court. The point raised there involved the validity of the sale, while the question in the present case is as to the right of the plaintiffs to bring the action.　There the case was made to turn upon the marriage of the widow previously to the sale, and the consequent loss of her right to sell the property set apart as a year's support.　But the reasoning in the opinion would seem to lead to the conclusion that she lost her right to control and manage the property by her marriage; for if her power of administration over the property was abated by her marriage, so that she lost her right to sell it, even for the support and maintenance of herself and the minor beneficiaries, it would seem to naturally follow that she lost all right to control and manage it, and hence the right of possession would not be in her.　It is obvious that this reasoning is not applicable in the present case, the widow not having married again.

*Judgment affirmed.　All the Justices concur.*