GIBSON *v.* HODGES.

ATKINSON, J. 1. A statutory year's support was set apart from the estate of a decedent. The widow sold the property for a purpose other than for the support of herself and minor children. The purchaser sold the land to third persons who were without notice that the property had been sold for an unauthorized purpose. Subsequently one of the children, who in the meantime had attained majority, instituted an action against the last purchaser, to recover the land. *Held,* that the purchaser, being without notice of the purpose for which the land was sold, acquired legal title as against the widow and children; and the plaintiff could not recover. *Boozer* v. *Nash,* 120 *Ga.* 406 (47 S. E. 908) ; Powell on Actions for Land, § 272. The case differs from *Gibbs* v. *Land,* 136

·*Ga.* 261 (71 S.,E. 136), and *Vandigrift* v. *Potts,* 72 *Ga.* 665, in both of which cases the purchaser had notice of the purpose of the widow to divert the property from the support of herself and minor children.

2. In view of the testimony of the plaintiff and other witnesses introduced in her behalf as to the sale of the property upon a valuable consideration and use of the proceeds by the widow, any error in admitting a certified copy of a security deed executed by the decedent, and parol evidence as to the existence of an original deed from the widow to the defendant's predecessor and its subsequent loss, and in excluding testimony relied· on to show that the official witness last mentioned was not in commission at the date of the transaction, was harmless.

3. Both sides having submitted evidence, and the only possible legal verdict, under the evidence and all reasonable deductions to be drawn therefrom, being one in favor of the defendant, there was no error in so directing.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*

No. 560.    APRIL 11, 1918.

Ejectment.    Before Judge Worrill.    Decatur superior court. August 11, 1917.

*John R. Wilson,* for plaintiff.

*P. D. Rich* and *Hartsfield & Conger,* for defendant.