*T. W. Evans, H. A. Allen,* contra.

---

### 14636. NEVIL *v.* TRAPNELL-MIKELL COMPANY.

1. In this suit on open account for goods furnished the defendant's son, upon the theory that the credit had been extended solely to the defendant and on his express authority, the evidence, though conflicting, abundantly authorized the verdict for the plaintiff as to all items except the first charge for furniture, and as to that item there was slight evidence from one of the partners, sufficient to authorize the verdict.

2. Exceptions to the admission of evidence which fail to state the name of the witness whose testimony was admitted, or what objection was offered, cannot be considered. *Herz v. Claflin Co.,* 101 *Ga.* 615 (1) (29 S. E. 33); *Peeples v. Butler,* 21 *Ga. App.* 310 (94 S. E. 278); *City of LaGrange v. Cotter,* 29 *Ga. App.* 577 (1) (116 S. E. 204). Nor can exceptions to the failure to give certain requested instructions to the jury be considered, when the exceptions fail to show that the request was made in writing at the proper time. *Dalton v. State,* 28 *Ga. App.* 507 (5) (112 S. E. 152); *Keese v. Mize,* 27 *Ga. App.* 666 (4) (110 S. E. 417); *Smith v. State,* 27 *Ga. App.* 268 (1) (108 S. E. 67). Moreover, the court did not err in refusing the defendant's oral request to charge the law as to the statute of frauds, where the contention of the plaintiffs was that the defendant was liable on the account not as surety, but upon an original undertaking, and the evidence authorized a verdict in their favor on this theory (*Cordray v. James,* 19 *Ga. App.* 156, 91 S. E. 239), and where the defendant failed to plead in the court below any such defense. *Gambo v. Dugas,* 145 *Ga.* 614 (1) (89 S. E. 679); *Brannen v. McElveen,* 19 *Ga. App.* 518 (1) (91 S. E. 913). The exception to the court's failure to charge "that the written slips or original charge tickets were the original entries and highest and best evidence of the account sued on," for which no written request was made, is without merit; since it appears that these charge tickets, made subsequently to the alleged oral authorizations of the defendant to furnish the goods, and at the time the various items were furnished, were merely unsigned memoranda which embodied no contract, and, while they could have been properly considered by the jury as admissions against the plaintiffs as to such of them as were in fact made out in the name of

the son, did not preclude the consideration of parol testimony with reference to the actual contract. *Delaware Insurance Co.* v. *Penn Ins. Co.,* 126 *Ga.* 380, 387, 389 (55 S. E. 330, 7 Ann. Cas. 1134); *Goldsmith* v. *Marcus,* 7 *Ga. App.* 849, 851 (68 S. E. 462); Enc. of Ev. 298. The remaining exception is treated in the opinion.

DECIDED NOVEMBER 23, 1923.

Complaint; from city court of Statesboro—Judge Proctor. February 16, 1923.

*Moore & Neville,* for plaintiff in error.

*F. B. Hunter, Deal & Renfroe,* contra.

JENKINS, P. J. The court charged the jury as follows: "There is only about one real issue in the case, and that is whether or not, if S. L. Nevil authorized Trapnell-Mikell Company to sell these goods to his son, Felton Nevil, or any part of them. I charge you in this case that if you find the plaintiff's contention is true, that is, that S. L. Nevil, the defendant in this case, authorized them to extend this credit to his son Felton Nevil and agreed with them that he would be responsible for these articles sold, in that case you would be authorized to find for the plaintiff; the plaintiff would be entitled to recover if you find that to be the truth of the case. On the other hand, if you find that is not the truth of the case; if you find that S. L. Nevil did not authorize Trapnell-Mikell Company to sell these goods to his son, Felton Nevil, and agreed to become responsible for them, in that case the plaintiff could not recover and your verdict would be for the defendant. I charge you further in this case, if you find that S. L. Nevil, the defendant, authorized Trapnell-Mikell Company to sell or furnish any part of these goods to his son, Felton Nevil, and he would be responsible for any certain articles and amounts, in that case your verdict would be for the plaintiff for that amount, whatever he authorized the plaintiff to sell his son, Felton Nevil, in case you find that he authorized them to sell him anything, or agreed to become responsible for any part of these goods. Now, as before stated, that is about the only issue in the case for you to determine." After defining preponderance of the evidence, the court turned to counsel for the defendant and asked if there were any issues which had not been stated to the jury, and, upon being orally requested to charge that "if the jury should find that [the defendant] authorized the charging of any particular goods, and should also find that he afterward paid for those goods, then the

jury should not find a verdict against him." The court instructed the jury, "If you find that there was any part of the goods charged in that account by the authority of S. L. Nevil, and he paid for whatever he authorized to be charged to him, of course your verdict in that case would be for the defendant." The 11th ground excepts to these instructions, and the defendant contends that the charge was error in failing to state properly the contention that the defendant had paid for all goods which he had authorized to be sold; by a payment of $62.49 on the account, and that the court should have charged that if the jury believed this, they should find for the defendant. The account sued on properly credited this alleged payment, and the plaintiffs sought no recovery therefor. The instructions preceding the colloquy with counsel for the defendant not only presented to the jury the issue as to whether the defendant had authorized the sale of all of the goods, but, both at the beginning of the quoted language and in the same connection, before defining preponderance of the evidence, submitted the question as to whether he was responsible for "any part" of the goods. If the language used could be deemed in any wise ambiguous, the court, following the colloquy with counsel, charged the defendant's specific contention that he had authorized only the portion of the goods paid for. The exception taken is without merit.

     *Judgment affirmed. Stephens and Bell, JJ., concur.*