### REYNOLDS et al. v. BAXTER.

BELL, J. 1. Where land has been set apart to a widow as a year's support for herself and minor children, the widow, without an order from any court, may lawfully sell the property for the purpose of obtaining a support for the beneficiaries thereof, and may lawfully execute a mortgage or security deed upon the property for that purpose. *Swain* v. *Stewart*, 98 *Ga.* 366 (2) (25 S. E. 831); *Allen* v. *Lindsey*, 113 *Ga.* 521 (4) (38 S. E. 975); *Anders* v. *First National Bank*, 165 *Ga.* 682 (4) (142 S. E. 98).

2. Where a year's support was set apart to a widow and minor children, and the widow, in order to obtain a loan upon the property, represented to the lender that she needed the loan as a support for herself and the children, and the loan was made upon the faith of such representation, and the lender was not negligent in failing to ascertain the truth, the lender is protected, and may enforce a security deed executed as a part of the transaction, whether or not the money was used or was intended to be used for a different purpose. *Gibson* v. *Hodges*, 147 *Ga.* 789 (95 S. E. 696); *Simpson* v. *Kelley*, 171 *Ga.* 523 (2) (156 S. E. 198); Civil Code (1910), § 5736.

3. Upon application of the foregoing principles to the evidence in this case, the judge did not err in refusing an interlocutory injunction against a sale under the security deed.

*Judgment affirmed. All the Justices concur.*

No. 9450. NOVEMBER 14, 1933.

*D. C. Jones* and *R. Lee Moore,* for plaintiff.
*Fred T. Lanier* and *B. H. Ramsey,* for defendant.