WELLS *v.* BLITCH *et al.*

BELL, Justice. 1. A suit for a money judgment does not constitute a lis pendens, affecting the title to property conveyed by the defendant pending the action. *Moody* v. *Millen,* 103 *Ga.* 452 (30 S. E. 258).

2. "A bona fide sale of property, not made to hinder, delay, or defraud creditors, is not rendered invalid because the vendor may have been insolvent at the time." *Hadden* v. *McQueen,* 138 *Ga.* 406 (75 S. E. 333).

3. Possession retained by the vendor after an absolute conveyance of real estate is prima facie evidence of fraud, but may be explained. *Goodwyn* v. *Goodwyn,* 20 *Ga.* 600 (5); *Stephens* v. *Southern Cotton-Oil Co.,* 147 *Ga.* 410 (2) (94 S. E. 245).

4. "If one with notice shall sell to one without notice, the latter shall be protected; or if one without notice shall sell to one with notice, the latter shall be protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." Code, § 37-114.

5. Even if the claimant could not be considered as a bona fide purchaser until after payment of the purchase-money, and such payment was not completed until after the levy, although the deeds were made previously, the mere fact that the property was levied on did not prove that the deeds were fraudulent as against the plaintiff in fi. fa., but the issue as to fraud remained open for judicial determination, the payments made by the claimant after levy being at his own risk, as between him and the plaintiff pending such adjudication. See, in this connection, *Mackey* v. *Bowles,* 98 *Ga.* 730 (2) (25 S. E. 834); *Donalson* v. *Thomason,* 137 *Ga.* 848 (4) (74 S. E. 762); *Henderson* v. *Willis,* 160 *Ga.* 638 (6) (128 S. E. 807).

6. Under the foregoing principles as applied to the instant claim case, the verdict in favor of the claimant was authorized.

(*a*) On the trial now under review the claimant introduced additional evidence to supply the deficiencies pointed out in the former decision, *Wells* v. *Blitch,* 182 *Ga.* 826 (187 S. E. 86).

(*b*) Under the evidence it can not be said as a matter of law either that

the deeds made by the defendant to his wife were void as against the plaintiff creditor, or that the claimant who purchased from the wife was not a bona fide purchaser without notice. Accordingly, the evidence was sufficient to support the verdict under either theory stated in the Code, § 37-114, supra. *Willingham* v. *Slade,* 112 *Ga.* 418 (2) (37 S. E. 737) ; *West* v. *Wright,* 121 *Ga.* 470 (49 S. E. 285).

7. The rule that "if there are several pleas filed by the defendant, a verdict for the defendant shall show upon which of the pleas the verdict is rendered" (Code, § 110-102), has no application to a claim case, although the claimant may introduce evidence to sustain his claim on several theories. See, in this connection, *Underwood* v. *Thurman,* 111 *Ga.* 325 (36 S. E. 788).

8. The ground of the motion for a new trial complaining of the court's refusal to give a requested charge does not state that the request was in writing, and thus presents no question of error for determination by this court. *Little* v. *West,* 145 *Ga.* 563 (2) (89 S. E. 682) ; *Nevil* v. *Trapnell-Mikell Co.,* 31 *Ga. App.* 207 (2) (120 S. E. 430).

9. Nor do the other special grounds show reversible error. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

On motion for rehearing, RUSSELL, C. J., withdraws concurrence and dissents from the decision and judgment as originally entered.

No. 11855. JUNE 16, 1937. REHEARING DENIED JULY 12, 1937.

*W. T. Burkhalter* and *J. V. Kelley,* for plaintiff.
*H. H. Elders* and *C. L. Cowart,* for defendants.