HARMON, next friend, *v.* GADDY.

No. 13973. MARCH 11, 1942.

*B. B. McCowen,* for plaintiff.  *J. A. Merritt,* for defendant.

ATKINSON, Presiding Justice. ■ An affidavit of one as next friend for certain minors whose bill of exceptions has been transmitted to this court, which contains the statement that "deponent has no money, property, or other means by which she can pay the cost or give bond in the above-stated case, nor has the said minors [naming them] any property or means out of which they or either of them can pay the cost in the above-stated case, nor are they able to give bond for appeal in said case, as required by law. Deponent further says that she is advised and believes that she has a good cause for appeal in behalf of said minors, and makes this affidavit in forma pauperis in order that said appeal may be entered in accordance with the law without payment of cost, as provided by statute," is sufficient for the purpose mentioned therein. *Wall* v. *Griffith,* 193 *Ga.* 11 (17 S. E. 2d, 57) ; Code, § 6-1004.

■ It was not erroneous to charge the jury that "the plaintiff must make out her case by a preponderance of the evidence before a verdict can be had in her favor," although it may have been admitted by the defendant, Gaddy, that he was in possession of the said described property, and that it had been regularly set apart to plaintiffs and their mother out of the father's estate, and that there was no statement in the deed that the same was being sold

for the support and maintenance of the plaintiffs.   Code, § 38-103.

■   The charge that "If at the time this lady executed that deed she represented to Gaddy that the property was being sold for the purpose of maintenance and support of herself and children, then in that event it would be a good deed, and in that event a verdict should be found for Gaddy," was not erroneous for the reason urged, to wit, that it was misleading in that it allowed the jury to base a verdict purely upon the representation of the mother that the property was being sold for the purpose of maintenance and support of herself and children, it not appearing that any such representation had been made a part of the deed or was set forth in writing as would have been necessary under the law to pass a title.

■   There was no error in charging the jury that "If such representation were made to Gaddy and Gaddy believed that, and as a consequence of which he bought the property, he didn't have to follow the proceeds to see if it actually went to their support." *Ragan* v. *Shiver,* 130 *Ga.* 474 (61 S. E. 1) ; *Reese* v. *Reese,* 146 *Ga.* 684 (92 S. E. 218) ; *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198) ; *Reynolds* v. *Baxter,* 177 *Ga.* 849 (171 S. E. 706).   Compare *Gibson* v. *Hodges,* 147 *Ga.* 789 (95 S. E. 696).

■   The charge complained of, to wit, "I charge you that the remarriage of the widow is no bar to her right to sell the property involved here in this case," stated a sound principle of law, and was appropriate to the issues made by the pleadings and the evidence. *Swain* v. *Stewart,* 98 *Ga.* 366 (25 S. E. 831).

■   It was not erroneous to charge the jury that "in the absence of anything to the contrary it is presumed that the sale of the land involved in this case by the widow was for a proper and lawful purpose." *Whitfield* v. *Maddox,* 189 *Ga.* 870 (2 b) (8 S. E. 2d, 57).

■   It is not cause for the grant of a new trial that, without any request therefor, the court failed to charge the jury in effect that certain of the moneys paid out by the defendant being admittedly not for the support and maintenance of said wife and children, and that if any part of that purchase-price had been paid to the mother by the defendant for other uses known of by defendant, the title to that extent would not pass, and a verdict should be in favor of the plaintiff ; the moneys referred to having been loaned to the widow before the sale by her here under attack, although it may be that the moneys so previously advanced entered into the consid-

eration of the deed, there being proof that the sale itself was made for the purpose of acquiring funds needful for the support and maintenance of the beneficiaries of the year's support award. *Swain* v. *Stewart,* supra.

Nor was it error for the court to fail to charge, without request, that a year's support comes ahead of all other or previous indebtedness, including back taxes, against the property in dispute.

It is never erroneous to refuse to direct a verdict. *Rivers* v. *Atlanta Southern Dental College,* 187 *Ga.* 720 (1 S. E. 2d, 750).

The verdict was supported by the evidence.

*Judgment affirmed. All the Justices concur.*