## WATTS *v.* BALDWIN.

No. 18132. ARGUED FEBRUARY 10, 1953—DECIDED MARCH 9, 1953.

*Edward D. Wheeler*, for plaintiff in error.

*Alston, Foster, Sibley & Miller, Weekes & Candler, Daniel B. Hodgson* and *John Wesley Weekes*, contra.

ALMAND, Justice. The bill of exceptions here seeks a review of a judgment overruling general and special demurrers to an equitable petition brought by Marilyn D. Miller Baldwin against Clarence D. Watts Jr., wherein the plaintiff sought to restrain the defendant from trespassing on a certain improved tract of real estate, and a decree declaring the plaintiff has co-

ownership thereof as against the defendant. She alleges that her right to undisturbed possession of the house and lot is by virtue of the following facts: At the time of her father's death in 1949, the title to the property was in him and her mother, and her father's title and interest in the property was duly set aside by the Court of Ordinary of DeKalb County as a year's support to the plaintiff and her mother, and by virtue of said year's support the plaintiff, now married, and her mother, own the property as cotenants. It is alleged that the plaintiff and her mother are in possession of the property. Her mother was not made a party to the action, it being alleged that her mother "has failed to take necessary steps to protect the interest of complainant here sought to be protected." Only three grounds of the demurrer are insisted upon in this court by the defendant. He asserts that the court erroneously overruled two grounds of general demurrer: (1) the petition does not set forth a cause of action; and (4) the petition affirmatively shows that the right to bring the action, if any, is in the mother of the plaintiff. Ground 6 of the demurrer challenges the allegations of paragraph 39 of the petition, to wit, "Complainant's mother, Mrs. Hester C. Miller, has failed to take necessary steps to protect the interest of complainant here sought to be protected, and unless this court grants the relief sought, complainant has no adequate remedy," on the ground that these allegations are conclusions of the pleader without any allegations of fact to support the conclusions.

The demurrers referred to above raise this question: where real property has been set aside as a year's support to a widow and her daughter, can the daughter maintain an action against a third person for trespass upon property which was set aside as a year's support and occupied jointly by the widow and daughter, where the only allegation in the petition why the action is not brought by the widow is that she "has. failed to take necessary steps to protect" the interest of the daughter? Where property is set aside as a year's support to a widow and minor child, the widow is entitled to control the property as long as it lasts or as long as she lives, even though the child marry or become of age. The title vests in the widow and child. The widow has the exclusive control and management of the prop-

erty. The widow is the only person who can sue for any interference with the right of possession and control, unless she fails, refuses, or neglects to sue, or colludes with the opposite party, or there be some other equitable reason why the action was not brought by her. *Ferris* v. *Van Ingen & Co.*, 110 *Ga.* 102 (7) (35 S. E. 347); *Boozer* v. *Nash*, 120 *Ga.* 406 (47 S. E. 908). The action in the instant case involves the control and management of the property, as well as the title and possession of the same; and unless the petition alleges facts which show that the widow fails or refuses to sue, or is in collusion with the opposite party, or some equitable reason is alleged why the action was not brought by the widow, the petition of the child suing alone is subject to demurrers pointing out these deficiencies. The only allegation as to why the mother did not bring the instant action appears in paragraph 39 of the petition, which is set out above. This allegation is a mere conclusion of fact, without any facts being alleged showing wherein or how the widow has failed, or what necessary steps she has neglected or refused to take. It was therefore error to overrule paragraphs 1, 4, and 6 of the demurrers, pointing out these deficiencies.

The other grounds of demurrer, not being argued or insisted upon, are treated as abandoned.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating, and Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. It is settled law that, where a life tenant fails and refuses to protect the estate, a remainderman can maintain an action in his own name for that purpose. The opinion seems to recognize the above rule of law, but places its reversal upon the ground that the petitioner should have alleged facts showing such failure to act instead of conclusions. I am unable to agree that the allegation that the mother had neglected to take appropriate action to prevent the trespass and preserve the property is a conclusion. It is a positive averment of a fact. It is not required by law that there be allegations of fact upon which this allegation of fact is based. It is immaterial what reason prompted the mother to fail to take action to protect the property. It is enough to authorize the daughter to maintain this action when she shows a trespass that injures the property and that the mother is doing nothing to prevent it.