35078.   PARKER & CO., INC., *et al. v.* GLENN.

Decided June 15, 1954—Rehearing denied July 27, 1954.

[REDACTED]

*Smith, Field, Doremus & Ringel, Ogden Doremus, Martin H. Peabody,* for plaintiffs in error.

*David Gershon, Israel Katz,* contra.

NICHOLS, J. ■ Where, in order to ascertain and understand what an assignment of error in a special ground of a motion for a new trial is referring to, it is necessary to refer to the brief of evidence and to the record, such ground is not in proper form for consideration. *City of LaGrange* v. *Pound,* 50 *Ga. App.* 219 (9), 225 (177 S. E. 762). Special ground 4 of this motion contends that it was error to overrule an objection to the question asked one of the defendants on cross-examination as follows: "You don't remember Mr. Wolf's saying that he was asked . . .", to which objection the court ruled: "In view of the witness' answer to the previous statement, I overrule the objection." It does not appear in this ground what the witness' previous statement had been, nor exactly what the attorney intended to ask the witness, nor what, if anything, the witness replied. The ground is therefore too imperfect for consideration.

■ Special ground 5 assigns error on a ruling of the court during a colloquy between the court and counsel, when counsel for the defendant was cross-examining the plaintiff, the material portion of which is as follows: "Court: 'He is not called upon to interpret his petition.' Mr. Doremus: 'Well, I wasn't asking him to interpret it, your Honor. Does your Honor rule that I can't ask him what he has relied on to recover in this case?' Court: 'You may ask him concerning specific items of facts contained in his petition, but he is entitled to rely on his petition.' " Coun-

sel then elected to ask no further questions concerning specific allegations of the plaintiff's petition, and counsel did not at any time ask the witness "whether he relied on his petition." It therefore appears that the ruling referred to was in no way harmful to movants. *First Nat. Bank of Chattanooga* v. *American Sugar Refining Co.*, 120 *Ga.* 717 (1) (48 S. E. 326). This ground is without merit.

In special ground 6 error is assigned on the overruling of an objection to the following question: "What was the consideration to Economy Home Builders for executing the exclusive sales agency on the houses in favor of Parker & Company?" on the ground that the contract, which was in evidence, spoke for itself. The contract recited a consideration of "the sum of one dollar." Whether or not the overruling of the question, on the objection on which it was based, might have been error (and we are inclined to think it was not, because the plaintiff, who was not a party to that contract, was attempting to prove his right to commissions based upon the actual value of the exclusive sales agency to the defendant, and that such agency had been obtained through his efforts, and through the defendants' agreement not to charge brokerage fees on the sale of the lots to the builders) the fact remains that the same testimony went into the record without objection.

Another witness, Reis, testified as follows: "As to what [was] the consideration to Economy Home Builders for my company executing, in favor of Parker & Company, an exclusive sales contract for the sale of the eighty houses: Well, Parker & Company were able to offer us that land and they had that land and we wanted it. As to whether that was the primary consideration for executing the exclusive sales agreement, well, we could not get the land without executing it." There was other testimony that Parker & Company took no commissions on this first sale, and this is, in fact, recited in the contract itself as a part of the consideration. Accordingly, the answer of the witness as follows: "The consideration was that we were acquiring these lots on which to build homes on what you might call a deferred payment basis, which was granted by the sellers, and, of course Parker & Company were to arrange the financing" introduced no new fact which was not elsewhere in the record without

objection. Reis also testified that Parker & Company were financing the mortgages. The allowance of this testimony was therefore, in any event, harmless to movants. *Stewart* v. *Ellis,* 130 *Ga.* 685 (2) (61 S. E. 597).

■ Error in the exclusion of testimony which is immaterial is not reversible. *Allen* v. *National Bank of Tifton,* 14 *Ga. App.* 299 (4) (80 S. E. 697). A witness for the defendants had stated on cross-examination as follows: "I left the matter largely to Mr. Wolf, as far as we were concerned, and I signed whatever Mr. Wolf said was all right to sign." On re-direct examination he was asked: "Would you have entered into any agreement and signed any agreement with William Glenn while he was acting as agent for some other broker?" Since it appears from the record that the plaintiff, Glenn, was a real-estate salesman and not a broker, and that the agreements in question were brokerage agreements which would, in any event, have had to be signed by a broker rather than a salesman, the sustaining of the objection to this question was not erroneous, as contended, on the ground that the testimony was material "to show the impossibility of consummation of any agreement of any form whatsoever by the plaintiff herein" or "to show that plaintiff could not have completed the agreement in question or any other agreement with the proposed parties thereto." The witness was not asked whether he would have refused to deal with another broker if Glenn were acting as a salesman under such other broker in consummating the transaction, and the question, in the form in which it was asked, did not have the effect of raising this issue. Accordingly, special ground 7 is without merit.

■ Error is assigned in special ground 8 because, after one of the defendants in the case, James Parker, had appeared and testified, depositions of his, taken as an opposite party previously to the trial, were allowed in evidence. Code § 38-2103 provides as follows: "If the state of facts on which the commission issued shall cease to exist before the trial of the cause, and the witness shall then be accessible by subpoena, the testimony taken on interrogatories shall not be used." Regardless of whether this Code section is applicable in the case of depositions taken of another as the opposite party, it has been held that it is within the discretion of the court to allow depositions taken under a court

commissioner, as these were, to be read even though the party is present and testifies. *Western & Atlantic R. Co.* v. *Bussey,* 95 *Ga.* 584 (1) (23 S. E. 207); *Southern Ry. Co.* v. *Dickson,* 138 *Ga.* 371 (2) (75 S. E. 462). The assignment of error recites that the depositions were offered for purposes of impeachment. It appears from the record that the witness was questioned about the depositions while he was on the stand, and that he testified, as to certain matters, somewhat at variance from the depositions. Accordingly, it was not an abuse of discretion for the court to allow the depositions in evidence for this purpose. For authority for cross-examination of the opposite party for impeachment purposes, see Code § 38-1801.

■ Special grounds 9 and 10 relate to the admission in evidence, over the objection that the same was an offer of compromise and therefore inadmissible, a letter addressed from the defendants to the plaintiff and requesting the signing and return of an enclosed release form, which recited that the plaintiff, in consideration of $1.00 and 10% of the listing fee of the first 80 houses sold in the subdivision, releases Parker & Company from all claims relating to the payment of commissions on the sales of dwellings in the Ashford Park Subdivision. It is contended by the defendant in error that this issue is not clearly raised by the objection made at the time the documentary evidence was offered, but, without deciding this question, it is obvious that the introduction of the letter and unsigned release form was harmless to movants for the reason that the same evidence was in the record without objection. A letter written by the defendant to the plaintiff's attorney contained the following information: "We made a written offer to Mr. Glenn to settle any claims which he felt he had by paying him 10% of the gross sales commission received by this firm from the eventual sale of the 80 houses erected by Economy. Mr. Glenn has failed to accept this offer as settlement . . . consequently . . . [it] is hereby revoked." Every material fact contained in the release itself being already in evidence, the admission of the release form and accompanying letter did not constitute reversible error. *Waters* v. *Wells,* 155 *Ga.* 439 (4) (117 S. E. 322). These grounds are without merit.

■ Special ground 12 complains of error in the following por-

tion of the charge: "The termination of the relationship between the plaintiff and the defendants, if it was terminated, from whatever cause and whether that termination was justified or not, would not prevent the plaintiff from recovering for his services rendered up to that time—that is, his work, if he performed work, or rendered services up to that time, provided the plaintiff is otherwise entitled to recover under the evidence and under the law as charged you." In special ground 13 error is assigned on the following: "I charge you that where a salesman of a broker finds a prospective principal or principals, brings them into communication with his broker and sets on foot negotiations which result in commissions being paid to his broker, to wit, the sub-agent can not be deprived of his right to compensation by a discharge prior to the consummation of the transaction."

Error is assigned on these charges on the ground that they deprived the defendants of their defense that the plaintiff was justifiably discharged for misconduct and under such circumstances was not entitled to any remuneration whatever. The same ground is urged in support of an assignment of error in special ground 14 against a charge to the effect that it was not necessary for the plaintiff to show that his services were the *sole* cause of the consummation of the contract between Economy Home Builders, the vendors of the land, and the defendants, if he rendered valuable services which were of value and were accepted by the defendants, provided he was otherwise entitled to recover.

Code § 3-107 provides as follows: "Ordinarily, when one renders services or transfers property valuable to another which the latter accepts, a promise is implied to pay the reasonable value thereof . . ." In this connection, the court charged also that, in order for the plaintiff to recover, he must show that he had such a relationship with the defendants as to authorize him to render the services alleged; that he rendered valuable services; that such services were accepted; that they benefited the defendants, and that they had a reasonable value. When these things are shown, it is not necessary that the agent's services be the sole procuring cause which exists through the formal consummation of the transaction; if the result obtained was procured as a result of the salesman's efforts, his estate may recover even

though he died prior to the act of closing. *Johnson* v. *Lipscomb-Weyman-Chapman Co.*, 46 *Ga. App.* 798 (169 S. E. 266). And, where one who has performed services is not suing upon an express and entire contract, recovery on a quantum meruit basis may be had under proper evidence even though the one performing abandons the work and the other contracting party completes it. *Salas* v. *Powers,* 144 *Ga.* 36 (1) (85 S. E. 1039). Here, the main contention was that the plaintiff was discharged because of conversion of earnest money in relation to another transaction, and there was contradictory evidence that the plaintiff had done nothing improper. There is also testimony that the defendants "concluded" that the plaintiff was attempting to broker the sale at issue so as to exclude them from the deal, but the evidence as a whole indicates that the plaintiff did not approach the vendors and Economy Home Builders with the proposition that he take the transaction to another broker until after he had been discharged by the defendants. Certainly the plaintiff, not having a broker's license, could not have closed the transaction except through a broker. There is no evidence in the record which would support a finding that the plaintiff, at the time he contacted the contracting parties, was acting for any broker other than the defendants by whom he was employed, and he was understood to be acting as such agent by Economy Home Builders. The contract was closed by the defendants, who received a substantial fee for these services. The plaintiff's evidence supported a finding that the defendants were enabled to consummate the transaction because of his efforts. Accordingly, under this evidence, there was no error in charging that, if the defendant was entitled to recover under the rules of law given the jury in charge, it would not matter whether his discharge was justifiable or not. There is no error in the excerpts of the charge complained of in these grounds.

The assignments of error in special grounds 15 and 16 which relate to the court's refusal to give to the jury certain requests to charge are in substance covered by the preceding division of this opinion. However, these grounds are both incomplete within themselves in that they fail to state that the requests to charge were in writing, for which reason they are too incomplete for determination by this court. *First National Bank*

508

v. *Carmichael*, 198 *Ga.* 309 (31 S. E. 2d 811); *Wells* v. *Blitch*, 184 *Ga.* 616 (8) (192 S. E. 209); *Little* v. *West*, 145 *Ga.* 563 (2) (89 S. E. 682); *Nevil* v. *Trapnell-Mikell Co.*, 31 *Ga. App.* 207 (2) (120 S. E. 430).

■ At the conclusion of the evidence the court directed a verdict against the plaintiff as to count 1 on the petition seeking recovery under an express contract, and submitted to the jury the issues formed under count 2 as to a recovery on quantum meruit. On this question, special ground 11 of the amended motion for a new trial, which assigns error on the ground that the verdict was excessive, is considered in connection with the general grounds. The plaintiff sought to recover $26,000, that sum being 65% of the brokerage fee received by Parker & Company, by virtue of a brokerage listing schedule entitling a real-estate salesman to 65% of the commission on completed sales of his own exclusive listings. An expert witness, W. A. Sirman, testified that a salesman who brought together the landowner and the builder and secured an exclusive contract under which houses are to be sold would have earned from 25% to 35% of the commission. Another witness, H. P. Laseter, testified in part, "Where the property owner and a builder are brought together, where they will give the broker the exclusive right to sell those houses, I think that is about 60% of the job." The total brokerage fee here was $40,000. 60% of a regular salesman's commission of 65% would amount to $15,600. The jury awarded the plaintiff the sum of $15,000. As stated in *Southern* v. *Cobb County*, 78 *Ga. App.* 58 (2) (50 S. E. 2d 226): "Jurors are not absolutely bound to accept as correct the opinions or estimates of witnesses as to the value of property, *though uncontradicted by other testimony*, but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may, by their verdict, fix either a lower or a higher value upon the property than that stated in the opinions or estimates of the witnesses." The amount fixed by the jury here was within the range of testimony and was neither excessive nor unsupported by evidence.

Although the evidence in the case was, as to certain issues, sharply contradicted, there was testimony supporting every ma-

terial allegation of the plaintiff's petition, from which the jury was authorized to find that the plaintiff, acting for the defendants, procured an oral agreement between the landowners and builders in substantially the form in which it was drawn up and signed within a week of his discharge, and that his efforts were the procuring cause of such contract. Accordingly, the verdict being supported by the evidence, and there being no error of law, the judgment of the trial court denying the motion for a new trial is

*Affirmed. Felton, C. J., and Quillian, J., concur.*